## 11730.  HART v. THE STATE.

1. On the trial of one charged with having operated an automobile upon a public highway while under the influence of intoxicating liquors it was not error for the court to instruct the jury that "in contemplation of law an operator of a motor-vehicle on the public highway is under the influence of intoxicating liquor when he is so affected by intoxicating liquor as to make it less safe for him to operate such vehicle than it would be if he was not affected by such intoxicating liquor."

2. Evidence tending to show that the defendant had whisky with him while operating the automobile was relevant as a circumstance for consideration upon the issue as to his use of intoxicating liquor.

3. The evidence authorized the jury to find that the defendant was under the influence of intoxicating liquors as alleged in the accusation.

DECIDED DECEMBER 16, 1920.

Accusation of misdemeanor; city court of Macon — Judge Guerry.  July 2, 1920.

Hart was convicted on an accusation which charged him with having operated an automobile upon a public highway while under the influence of intoxicating liquors.  The first special ground of his motion for a new trial is that the court charged the jury that "in contemplation of law an operator of a motor-vehicle on the public highway is under the influence of intoxicating liquor when he is so affected by intoxicating liquor as to make it less safe for him to operate such vehicle than it would be if he was not affected by such intoxicating liquor."  It is alleged that this was error because the charge did not follow the statute, and because it was a question for the jury whether the accused was under the influence of intoxicating liquor, and not a matter for definition by the court, and the charge was misleading and ambiguous.  A note of the trial judge to this ground is as follows: " The court charged as it did in view of the testimony of the witnesses in connection with the question of the alleged condition of defendant, and the contentions of the State and the defendant on that question, the State contending that for the defendant to be under the influence of whisky was sufficient, and the defendant that the law meant that he must be drunk. "

Evidence that whisky was in the automobile driven by the defendant was admitted over the objection that such testimony was irrelevant and immaterial, because he was not charged with violation of the prohibition law.  This is complained of in the mo-

tion for a new trial. The court charged the jury: "This defendant is not on trial and is not accused before you of having possession of intoxicating liquor. That circumstance, if it was proved to be true, went before you, not so that you could find him guilty of having whisky, but as a circumstance that you might consider on the question as to whether he was under the influence of intoxicating liquor or not." It is contended that "all the above charge was error, and the court should not have charged on possession of intoxicating liquor, but should have ruled out the same, as the defendant was not on trial for that offense."

*H. F. Rawls*, for plaintiff in error.

*R. W. Moore, solicitor, H. S. Strozier,* contra.

LUKE, J. 1. The act of 1915 making it a misdemeanor to operate a motor-vehicle upon a public highway while under the influence of intoxicating liquors (Ga. L. Ex. Sess. 1915) may be violated by one who partakes of such liquors, as well as by one who partakes of them until a state of drunkenness is reached. The court did not err in instructing the jury as complained of.

2. In the trial of such a case, evidence tending to show that the operator of the vehicle had whisky about his person, or in the vehicle with him, is relevant, being a circumstance for consideration by the jury upon the issue as to the operator's use of intoxicating liquors.

3. There was evidence tending to show that, while operating an automobile at considerable speed, the accused attempted in a reckless manner to pass another car going in the same direction; that in so doing he lost control of his own machine to such an extent that he immediately collided with a third car; that, instead of then stopping, he continued on his way until overtaken; that when overtaken a few minutes later the odor of whisky was upon his breath and a bottle partly filled with whisky was upon the automobile seat by his side; that when he got out of his car "he staggered around;" and that his general appearance, both shortly before and shortly after the driving, was that of a man who had been drinking. Such evidence abundantly authorized the inference that the accused was "under the influence of intoxicating liquors," as alleged in the accusation.

The court in overruling the motion for a new trial did not err for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*