20157.   CHAPMAN *v.* THE STATE.

Decided January 14, 1930.

F. W. Copeland, J. M. Lang, for plaintiff in error.

John C. Mitchell, solicitor-general, contra.

BLOODWORTH, J. The accused was tried under an accusation which alleged that he "did unlawfully use, drive and operate a certain automobile, same being then and there a motor-vehicle, over and upon the public road and highway of said county known as the Calhoun and Rome public road, the said Gene Chapman being, while operating the said automobile over and upon the public road and highway aforesaid, under the influence of alcoholic, spirituous, vinous, and intoxicating liquors and beverages and other liquors and beverages which, if drunk to excess, will produce intoxication; and while engaged in the commission of the aforesaid unlawful act the said accused Gene Chapman, without any intention to do so and without any malice or any mixture of deliberation, killed one Mrs. W. C. Bennett, a human being, by driving the said machine and automobile against, upon, and over, and by striking the body of, the automobile in which the said Mrs. Bennett was then and there riding upon and over the said Calhoun and Rome public road and highway in said county, and by driving the said machine and automobile against the automobile in which the said Mrs. W. C. Bennett was then and there riding, and said Gene Chapman did then and there inflict upon her, the said Mrs. W. C. Bennett, certain mortal wound, and certain mortal wounds, upon the body, head and members thereof on the person of the said Mrs. W. C. Bennett, from which mortal wound and mortal wounds the said Mrs. W. C. Bennett did then and there die." The trial resulted in a verdict of guilty. A motion for a new trial was made and overruled, and the accused filed a bill of exceptions. We will discuss only the 4th headnote.

At the scene of the collision and immediately thereafter, and while the accused and his mother were on the ground, the defendant asked a witness to get his mother off his leg, and then and there, while the witness was getting her off his leg, the mother said to the witness, "Liquor was the cause of this tragedy." This statement

by the mother was alleged to be hearsay, and its admission in evidence error. This statement was made not only at the time and place of the collision, but in the presence and hearing of the accused. No error was committed when this statement of the mother was allowed to go to the jury.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*