## 22927. MOYE v. THE STATE.

GUERRY, J. 1. On the trial of one charged with operating an automobile on a public highway while under the influence of intoxicating liquor, it is not necessary for the State, in order to secure a conviction, to show that the accused was drunk, but it is sufficient if the State shows, beyond a reasonable doubt, that the accused (while driving the car) was under the influence of some intoxicant as charged, to any extent whatsoever, whether drunk or not. *Wallace* v. *State*, 44 *Ga. App.* 571 (162 S. E. 162); *Chapman* v. *State*, 40 *Ga. App.* 725 (151 S. E. 410). See also *James* v. *State*, 45 *Ga. App.* 228 (164 S. E. 104).

2. This court will take judicial notice of the fact that "Federal Highway No. 1" in Jefferson county, Georgia, is a public highway within the meaning of the motor-vehicle act of 1927, section 13 (Ga. L. 1927, p. 238); Michie's Code Supp. 1930, § 1770 (60 m). Federal highways are established by law. See Federal highway act (No. 9, 1921, c. 119, sec.

1, 42 Stat. 212) as amended, prescribing the method in which a State highway may become a Federal project. This court must recognize as a matter of law the common and everyday knowledge of most men that Federal aid would not be given to any other kind of road in this State than a public highway.

3. There was no error in overruling the motion for a new trial, there being no special grounds, and the evidence amply supporting the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 13, 1933.

*R. N. Hardeman Jr.,* for plaintiff in error.
*R. G. Price, solicitor,* contra.