23011. CAVENDER *v.* THE STATE.

DECIDED MAY 2, 1933.

*Horace D. Shattuck, Fariss & Langford,* for plaintiff in error.
*James F. Kelly, solicitor, J. Ralph Rosser,* contra.

MacIntyre, J. J. C. Cavender was convicted of operating an automobile upon a public street and highway while under the influence of intoxicating liquors and drugs. The defendant made a motion for a new trial, based upon the general grounds and one special ground. The testimony of the chief of police was, in effect, that the accused was operating his automobile upon a named public street and highway, and that after passing the accused on said

street he "turned around as soon as he could and went back in the direction of Mr. Cavender;" that the accused had stopped in front of a house, and that he got out and arrested the accused, who was in his car, slumped over the wheel. The witness testified positively that the accused was drunk, giving the facts upon which he based this statement. A policeman who was with the chief of police when he made the arrest testified also that the accused was drunk. The deputy sheriff testified that the accused was drunk when they brought him to the jail on that occasion. In *Durham* v. *State,* 166 *Ga.* 561 (144 S. E. 109), it was said that "A witness who had, and was able to improve, suitable opportunities for observation, may state whether a person was intoxicated and the extent of his intoxication. . . Drunkenness is 'easy of detection and difficult of explanation.' . . 'The acts, conduct and demeanor of a person under the influence of intoxicants can not be accurately reproduced, and for this reason the question of intoxication is better determined from the direct answers of those who saw him than from any description of his conduct.'" The facts recited in that case are very similar to the facts in the present case, and the law therein stated seems to be applicable to the instant case. Several witnesses testified that the defendant was not drunk or under the influence of intoxicating liquors and drugs, and the defendant denied the charge in his statement. Thus arose a sharp conflict in the testimony. The jury decided the issue of fact in favor of the State.

The only special ground of the motion for a new trial is that the chief of police was permitted, over objection, to testify: "I found two full pints of whisky in the automobile on that occasion [the time of the arrest]; none of it had been used. Nothing had been taken out of the bottles; they were plumb full. Mr. Cavender could not have drunk out of those bottles." The objection to this evidence was "That it does not throw any light on this case, and is not an issue in this case at all." Movant assigns error on the admission of this testimony and says that the evidence "was prejudicial to movant, tended to convict movant on general principles, and does not come within the exceptions to the general rule of law that proof of the commission of a distinct and separate offense than the offense for which the defendant is being tried, is inadmissible." In *Wilson* v. *State,* 173 *Ga.* 275 (160 S. E. 319), it was held: "Evidence of the commission of one crime is not admissible on the trial

of the defendant for another crime, where the sole purpose is to show that the defendant is guilty of such other crime; but such evidence is admissible where there is some logical connection between the two from which it can be said that the proof of the one tends to establish the proof of the other." The evidence in the instant case was admissible not for the sole purpose of showing that the defendant was guilty of the other crime, viz. possessing whisky, but was admissible because it was so logically connected that it tended to prove or establish an element of the offense charged, viz. of being under the influence of intoxicating liquors. It was a circumstance from which the jury might infer that the accused drank whisky to the extent of being under its influence, and therefore to strengthen the testimony given as to his being under the influence of intoxicating liquors as charged in the indictment. *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156); *Hart* v. *State,* 26 *Ga. App.* 64 (2) (105 S. E. 383); 42 C. J. 1334, § 1309.

The evidence authorized the verdict, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*