## 24919. JOINER v. THE STATE.

DECIDED JUNE 27, 1935.

*W. G. Mann,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

## 24920. JOINER v. THE STATE.

GUERRY, J. The defendant was indicted for and convicted of the offense of intoxication in a public place and within the curtilage of a private home. The evidence disclosed that he with another went to the house of the prosecutor; that his breath smelled strongly of whisky; that he staggered in his walk; that he remained around the prosecutor's house for a good while, cursing and hollering. *Held:*

1. "A witness who had, and was able to improve, suitable opportunities for observation, may state whether a person was intoxicated and the extent of his intoxication. 22 C. J. 599 (§ 694). . . Drunkenness is 'easy of detection and difficult of explanation.' Holland v. Zollner, 102 Cal. 633

(36 Pac. 231)." *Durham* v. *State*, 166 *Ga.* 561 (144 S. E. 109); *Cavender* v. *State*, 46 *Ga. App.* 782 (169 S. E. 253).

(*a*) The drunkenness alleged was sufficiently evidenced by conduct, as required in the Penal Code (1910), § 442; Code of 1933, § 58-608. *Coleman* v. *State*, 3 *Ga. App.* 298 (59 S. E. 829).

(*b*) The evidence amply supports the verdict.

2. The judge, upon the verdict of the jury, sentenced the defendant as follows: "Whereupon it is considered, sentenced and adjudged by the court that Tom Joiner do pay within three days all the costs of this prosecution, and serve 12 months in the chain-gang, but said chain-gang sentences shall be served outside said penal institutions during good behavior, and conditioned upon his paying to his wife the sum of $80 for the support of their child, and then be discharged; or in default of such payment that said defendant do work in the chain-gang on the public works, or in such other works as the lawful authorities may employ the chain-gang, for and during the term of 12 months, and then be discharged." Defendant filed a motion termed a "motion in arrest of sentence," on the ground that the court had no authority to impose a sentence requiring the payment of money to another, and that the sentence was void. It does not appear from the record or the bill of exceptions what the judgment was on the motion, if it was a proper motion; and if the motion was overruled, no error is assigned thereon in the bill of exceptions; nor is any error assigned in the bill of exceptions on the illegality of the sentence. Therefore this court can not consider the question. However see *Larkin* v. *Battle*, 165 *Ga.* 174 (140 S. E. 350); *Jones* v. *State*, 27 *Ga. App.* 631 (110 S. E. 33); *Towns* v. *State*, 25 *Ga. App.* 419 (103 S. E. 724); *Swanson* v. *State*, 38 *Ga. App.* 386 (144 S. E. 49).

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*