## 26424. JACKSON *v.* THE STATE.

BROYLES, C. J.  1. The excerpt from the charge complained of, when considered in the light of the charge as a whole, was not erroneous.

2. The defendant was charged with operating an automobile on "a public street, known as Weedowee Street, in Bowdon, Carroll County, Georgia," while he was under the influence of intoxicating liquors and drugs. The evidence, though circumstantial, was sufficient to authorize the jury to find that Weedowee Street was "a public street," as charged in the accusation.

3. The defendant's conviction was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed.   MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 8, 1937.

*J. L. Smith,* for plaintiff in error.
*Robert D. Tisinger, solicitor,* contra.

## 26431. EVANS *v.* THE STATE.

BROYLES, C. J.  The defendant was convicted of the offense of stealing an automobile—a felony. There was no evidence, except that of Jim Berry, which directly connected the defendant with the offense charged. Berry's testimony as to whether he (Berry) had stolen the automobile in question was self-contradictory, but would have authorized the jury to find that he had committed that offense. His testimony connecting the defendant with the crime was uncorroborated by any other evidence directly connecting the accused with the offense. Under these circumstances the court erred in failing to submit to the jury, under proper instructions, the question whether, under the evidence adduced, the witness Berry was an accomplice of the defendant in the theft of the automobile. It follows that the refusal to grant a new trial was error.

*Judgment reversed.   MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 8, 1937.

*John Camp Davis,* for plaintiff in error.
*J. Ralph Rosser, solicitor-general,* contra.