29755. JORDAN *v.* THE STATE.

*Roberts & Roberts,* for plaintiff in error.

*D. M. Pollock, solicitor-general,* contra.

BROYLES, C. J. Nelson Jordan was indicted for murder. A special demurrer, consisting of two grounds, to the indictment, was overruled, and the case proceeded to a verdict for involuntary manslaughter in the commission of an unlawful act. The motion for new trial was denied, and that judgment and the judgment on the demurrer are assigned as error.

The indictment charged that the accused, on December 21, 1941, in Walton County, Georgia, unlawfully and with malice aforethought, operated a Ford automobile, "which was a weapon likely to produce death, on the public road leading from Monroe to Youth, while under the influence of intoxicating liquors [and in such a manner as to be in wilful and wanton disregard of the safety of persons and property], *and while operating said automobile on said public road traveling in the direction of Youth did fail to turn to the right of the center of said road so as to pass without interference an automobile operated by one Jack Everett who was traveling in the opposite direction,* which said unlawful acts in their consequences naturally tended to destroy the life of a human being, and did then and there strike and hit and run into the automobile operated by said Everett, in which automobile Miss Helen Brooks was then and there riding, the striking and hitting of said automobile giving her a mortal wound, of which wound she died." (Brackets and italics ours.) Ground 1 of the demurrer moved to strike the part of the indictment enclosed in brackets "for the reason that said words are an attempt to set up in said indictment the unlawful act of 'reckless driving,' as defined in the Code, and said words are too vague and indefinite to afford the basis for a criminal prosecution and are therefore too vague and indefinite to set out an unlawful act

to form the basis of an indictment for murder." Ground 2 of the demurrer demurred to the portion of the indictment underscored "for the reason that said words set out an act which as a matter of law is not an unlawful act which in its natural consequences tends to destroy human life."

The indictment was not subject to ground 2 of the demurrer. The language objected to must be considered in connection with the other words in the indictment, to wit, that the defendant was "under the influence of intoxicating liquors" when he failed to turn to the right of the center of the road upon meeting the automobile traveling in the opposite direction. We think that the failure of an intoxicated operator of an automobile, upon a public highway, to so turn his car in such a situation, is an unlawful' act which in its consequences naturally tended to destroy the lives of the persons in the other car.

Assuming, but not deciding, that the words of the indictment objected to in ground 1 of the demurrer are "too vague and indefinite to afford the basis for a criminal prosecution," it clearly appears from the indictment and the evidence that such words were mere surplusage, and that the error, if error, in overruling that ground of the special demurrer was not prejudicial to the accused. "It is well settled that the erroneous overruling of a special demurrer is not harmful error where it affirmatively appears from the evidence in the case that the error did not result in injury to the party interposing the demurrer, and 'In determining whether error has resulted in injury, the court may look to the record as a whole.' *Hall* v. *State,* 8 *Ga. App.* 747 (3), 750, 752 (70 S. E. 211)." *Coffee County* v. *Denton,* 64 *Ga. App.* 368, 372 (13 S. E. 2d, 209); *Cargile* v. *State,* 67 *Ga. App.* 610 (21 S. E. 2d, 326). In the instant case, the evidence clearly disclosed that the unlawful acts of the accused, which resulted in the death of Miss Helen Brooks, were his operation of the automobile while he was intoxicated, and his failure to turn his car to the right of the center of the road upon meeting the other car which was traveling in the opposite direction; and, as before stated, the words objected to in ground 1 of the demurrer were mere surplusage, and the overruling of that ground was not harmful to the accused.

The evidence amply authorized the verdict, and the overruling of the general grounds of the motion for new trial was not error. In the first special ground of the motion, complaint is made of the admission in evidence of the testimony of a witness who stated that he saw the defendant staggering in the road; that he talked like he was drinking; that he (the witness) was hardly close enough to' smell liquor on the defendant, but that from observing him, hearing him talk, and watching him walk, he was, in the opinion of the witness, under the influence of whisky. The evidence was objected to on the· ground that the witness could not legally express his opinion that the defendant was intoxicated, that being a question·for the jury to determine. In our opinion the admission of the evidence was not error. In *Cavender* v. *State,* 46 *Ga. App.* 782 (2) (169 S. E. 253), this court held: "A witness who had, and was able to improve, suitable opportunities for observation, may state whether a person was intoxicated, and the extent of his intoxication. . . Drunkenness is 'easy of detection and difficult of explanation.'" The same ruling was made in *Joiner* v. *State,* 51 *Ga. App.* 463 (180 S. E. 911). The remaining special grounds complain of several excerpts from the charge of the court. These excerpts, when considered in the light of the facts of the case, disclose no harmful error. The overruling of the motion for new trial was not error.

*Judgment affirmed.· Gardner, J., concurs.*

MacINTYRE, J., concurring specially. I concur in the result, but not in all that is said in sustaining the lower court in overruling ground 1 of the demurrer to the indictment. I do not think the indictment is bad for the reason assigned in the first ground of the demurrer. But if it had been error to overrule this ground of the demurrer for the reason assigned I am not prepared to say that such an error would not have been harmful. The subsequent progress of the case would not have *entirely* eliminated the feature of the case to which this particular alleged erroneous allegation refers, to wit: "and in such a manner to be ·in ·wilful and wanton disregard of the safety of persons and property." If, as contended, the allegation in ·question was erroneous in that it was too vague and indefinite to enable the defendant to prepare his defense and the jury to understand its nature and was subject to demurrer, then the overruling of the

142

demurrer would not have been harmless. The evidence and the defendant's statement made a sharp issue as to the truthfulness of the alleged erroneous allegation referred to. "This doctrine of no reversal for harmless error is one that is capable of great abuse, as well as of very just and advantageous use by reviewing courts." *Hall* v. *State,* 8 *Ga. App.* 747, 752 (70 S. E. 211). Code § 27-701 "was not intended to dispense with the substance of good pleading, nor to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial, nor to deprive him of the right to have an indictment perfect as to the essential elements of the crime charged." *O'Brien* v. *State,* 109 *Ga.* 51, 53 (35 S. E. 112). Code § 27-1601 declares: "All exceptions which go merely to the form of an indictment shall be made before trial." This "necessarily means that such exceptions, if well founded and so made, will be good." *Johnson* v. *State,* 90 *Ga.* 441, 445 (16 S. E. 92).

A defective indictment can not be helped out by the evidence at the trial or aided by argument and inference. *O'Brien* v. *State,* supra. I do not think the doctrine of harmless error is applicable in the instant case. However, I think that the indictment was not subject to demurrer for the reason assigned.