30116.  LANGFORD *v.* THE STATE.

DECIDED JULY 3, 1943.

*Mrs. Charles Camp,* for plaintiff in error.
*Henderson L. Lanham, solicitor-general,* contra.

GARDNER, J.  The defendant was convicted on an indictment which charged that he did "use, drive and operate an automobile, the same being a motor vehicle, on over and along a certain public street and public highway of said State and county, to wit: East Main Street and East 12th Street in the City of Rome, in an intoxicated condition, and while under the influence of intoxicating liquors, wines, beers, and opiates." He assigns error on the ground that the evidence does not support the verdict. These contentions are: (a) That there is no evidence to sustain the allegation that the defendant at the time was "under the influence of intoxicating liquors, wines, beers and opiates;" and (b) that the evidence does not show that the street was a "public" street. It is essential to allege and prove these two elements of the offense defined in the Code, § 68-307, for which the defendant was convicted. They are material and must be proved, as all other material allegations of an indictment or accusation must be proved. *Brand* v. *State,* 153 *Ga.* 639 (112 S. E. 829). They may be proved either by circumstantial or direct evidence. *Jackson* v. *State,* 56 *Ga. App.* 355 (192 S. E. 642).

Let us inquire whether or not the proof sustains the charge. Two police officers testified for the State. They were riding together, in the performance of their duty, in a car on East Twelfth Street in the City of Rome, Floyd County. They knew the defendant. He was coming out of the yard drunk and staggering

He was too drunk to drive. Defendant stated that he had been collecting for coal. He peddled coal and ice from house to house in a truck, which was parked further up the street. The officers told him not to drive the truck, that he was too drunk. Defendant told them that if he was drunk to lock him up. They stated that they did not want to do that, but that defendant was drunk all right, and was too drunk to drive. The two officers next saw the defendant in his truck at the intersection of Main and East 12th Streets in the City of Rome. He was driving the truck all right, making the lights, but too drunk to drive, and driving while intoxicated. One of the officers testified that he did not smell anything on the defendant's breath, but that defendant was staggering, and too drunk to drive an automobile. The other officer testified on cross examination: "I know when I smell onions and I know when I smell garlic. I did not smell onions nor garlic on his breath, and I could not say whether I smelled whisky, wine or beer, I don't know what it was." The preceding quotation from the brief of evidence was the only testimony to sustain the allegation that the defendant was under the influence of whisky, wine, and beer. It is contended by counsel for plaintiff in error that a correct interpretation of the testimony is that the officer did not know what caused the condition of the defendant. With this construction we can not agree. The officer testified that he did not smell onions or garlic on defendant's breath. These odors are thus eliminated. If the witness had concluded with the next phrase, "and I could not say whether I smelled whisky, wine, or beer," there would be no doubt as to the meaning of such phrase, because it is clearly inferable therefrom that he smelled whisky, or wine, or beer, on the defendant's breath. But the contention arises from the last qualifying phrase, to wit, "I don't know what it was." We must therefore determine the sense in which the word "what" is used. In the relation of this word, does it mean that the officer did not know whether he smelled whisky, or wine, or beer, and that he did smell one of the three on defendant's breath? Or does it mean that he did not know whether the odor was that of whisky, or wine, or beer, or some other substance? We find in Webster's Collegiate Dictionary that the word "what" may be used as: "A compound relative, equivalent to *which* with an antecedent demonstrative." Giving the testimony of the policeman this construc-

tion, which we think is the right construction, the testimony reads: "I do not know which I smelled on defendant's breath, whisky, wine, or beer." · Under the evidence of this case, the jury were authorized to find that the defendant was operating his motor truck while under the influence of intoxicating liquor, either whisky, wine, or beer.

It is further contended that there is no evidence to show that the street on which the defendant was operating his truck was a "public" street as alleged in the indictment. On this point the evidence shows that it was in the City of Rome; that the defendant was selling coal and ice from house to house; that there were intersecting streets with traffic lights, over which the defendant was operating his car. Such evidence is sufficient, circumstantially, to show that the streets were public, and the contacts which the officers made were in the discharge of their duty in policing the public streets of the City of Rome in Floyd County. The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*