## 30233.   LANGFORD *v.* THE STATE.

DECIDED OCTOBER 20, 1943.

*Mrs. Charles Camp,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.

GARDNER, J.   The defendant was indicted for operating a motor vehicle while under the influence of intoxicating liquor, on a public street and highway known as Hardy Street, in the City of Rome. Several peace officers, including the sheriff of Floyd County, testified that they had known the defendant for a number of years, and that they saw him in Rome operating his truck while in a drunken condition.   There was testimony that the street on which he was alleged to have operated the motor vehicle was known as Hardy Street, as alleged in the indictment, and other testimony that the street or highway was known as Hardy Avenue.   The defendant in his statement at the trial contended that he had no recollection of having driven the motor vehicle as the officers testified; that he left his home that afternoon, and did not learn of having been locked up until he was in Milledgeville, where he was informed that he had been sent for mental trouble; that four days after his arrest, he was adjudged insane under a lunacy writ, and was sent to Milledgeville, where he remained about a week.   The authorities in charge of the insane asylum, after about a week of observation, sent the defendant back to Rome, with instruction "not to send him back down there."

1.   The State introduced testimony to the effect that at the time of the alleged crime the defendant was not insane, but was drunk. It is clearly inferable from the evidence that the hospital authorities at Milledgeville were of the opinion, after observing the defendant for a week, that he was not insane.   The jury were authorized to find, under the evidence, that the defendant was illegally operating his car, as charged in the indictment, and that he was not insane at the time of the commission of the alleged offense. The court did not err in overruling the general grounds of the motion.

2.   A ground of the motion assigns as error that the evidence failed to sustain the allegation of the indictment that Hardy Street was a public street.   This ground is without merit.   In *Langford* v. *State,* 69 *Ga. App.* 619 (26 S. E. 2d, 385), it was held that a street or highway may be proved a public street or highway by circumstantial as well as by direct evidence.   The court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*