## 34678. HINSON *v.* THE STATE.

DECIDED JUNE 9, 1953.

*John L. Respess, James R. Venable,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Robert O'Neil, Charlie O. Murphy,* contra.

TOWNSEND, J. ■ Error is assigned on the charge of the trial court as follows: "I charge you further that in contemplation of law an operator of a motor vehicle on a public highway is under the influence of intoxicating liquor when he is so affected by intoxicating liquor as to make it less safe for him to operate such vehicle than it would be if he were not affected by such intoxicating liquor." This is a correct statement of law. See *James* v. *State,* 45 *Ga. App.* 228 (1) (164 S. E. 104). Nor is there merit in the contention that this portion of the charge assumes that the place where the defendant was arrested was a public highway when there was no evidence to that effect. The evidence was that the defendant was arrested by police officers of the City of Atlanta, Georgia, within the City of Atlanta, and that the defendant was traveling on North Avenue between Courtland Street and Peachtree or West Peachtree. One officer further testified: "The point at which I saw him driving on the public highway was in Fulton County, Georgia." Such evidence,

in the absence of anything to the contrary, was sufficient to authorize the jury to find that the defendant was on a public street. *Langford* v. *State,* 69 *Ga. App.* 619 (26 S. E. 2d 385).

■ On the issue of the defendant's intoxication at the time of his arrest, a police officer testified as follows: "Mr. Hinson was so much under the influence of liquor that he wouldn't attempt to get out from under the wheel at all. He acted groggy and seemed groggy; his speech was slurred; his eyes were red and the smell of intoxicants was on his breath. His actions weren't normal." Another policeman testified: "We . . . found Mr. Hinson under the steering wheel in an intoxicated condition. I spoke to Mr. Hinson. He evidenced that intoxicated condition by his speech being thick, a flushed complexion; by his eyes; and you could smell it. In my experience as a police officer I have dealt with intoxicated persons before. I know a person in a state of intoxication when I see one." A third officer testified: "I saw the defendant there and his condition was he was drunk; which was manifested by his actions, and by that I mean the way he walked and his speech and the odor of some intoxicant on his breath." This evidence was sufficient to authorize the jury to find that the defendant was in an intoxicated condition. See *Donley* v. *State,* 72 *Ga. App.* 429 (33 S. E. 2d 925); *Johnson* v. *State,* 69 *Ga. App.* 377 (25 S. E. 2d 584); *Joiner* v. *State,* 51 *Ga. App.* 463 (180 S. E. 911); *Cavender* v. *State,* 46 *Ga. App.* 782 (169 S. E. 253); *Durham* v. *State,* 166 *Ga.* 561 (144 S. E. 109).

The judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*