## 34821. ISENHOWER *v.* THE STATE.

TOWNSEND, J. 1. Code § 68-307 as amended by the act of 1947 (Ga. L. 1947, p. 230) makes it a misdemeanor to operate a motor vehicle while under the influence of intoxicants, upon any "public street or highway, or any private way, private street, or private property in this State." Accordingly, the criminality of the act depends in part upon the place where it is committed, and, this being so, the allegation of place is material, and variance between the allegation and the proof is fatal. *Johnson* v. *State,* 1 *Ga. App.* 195 (2) (58 S. E. 265). While allegations in an indictment wholly foreign to any element of the offense charged may be disregarded as surplusage and need not be proved, the rule is otherwise as to averments descriptive of some element of the offense, which, although alleged with more particularity than is necessary, must be proved as alleged. *Shrouder* v. *State,* 121 *Ga.* 615 (1) (49 S. E. 702); *Hall* v. *State,* 120 *Ga.* 142 (1) (47 S. E. 519).

2. Where, under an indictment charging the defendant with driving a motor vehicle while under the influence of intoxicating liquor "over and along the public roads and private ways of said county known as U. S. Highway No. 411," the proof shows only that the defendant was driving on "a road" and on "No. 411," there is no proof that such road is a public road, or is "U. S. Highway No. 411," or is a private way, or any of these things, and this is not sufficient proof of the allegations of the indictment. A public road and a public highway are two different things. *Johnson* v. *State,* supra. Proof that one is driving on "a road" is not proof that one is driving on "any of the public roads or private ways of this State." *Wells* v. *State,* 33 *Ga. App.* 426 (126 S. E. 856). The indictment having alleged that the road was "U. S. Highway 411," mere proof that the defendant was on "No. 411," without proof that the same is a "U. S. Highway," is insufficient. *Youngblood* v. *State,* 40 *Ga. App.* 514 (150 S. E. 457). Accordingly, there is no evidence to support this part of the indictment, for which reason the court erred in denying the motion for new trial on the general grounds.

3. Error is assigned in special ground 2 on the following excerpt from the charge: "I charge you that in order for the State to obtain a conviction in this case, it is not necessary for the State to prove that the defendant at the time inquired about was drunk. It is necessary for the State to prove that he was under the influence of some intoxicant, in a sense that it made it less safe for him to drive than it would have

been otherwise." This charge is a correct statement of the law. *James v. State,* 45 *Ga. App.* 228 (1) (164 S. E. 104); *Hinson v. State,* 88 *Ga. App.* 318 (77 S. E. 2d 63).

3. The remaining special ground is not passed upon, as the case is to be tried again, and it is unlikely to recur.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 19, 1953.

*William Gordon Mann,* for plaintiff in error.

*Erwin Mitchell, Solicitor-General, J. Beverly Langford, Assistant Solicitor-General,* contra.

