*Wright Lipford, Solicitor-General,* contra.

### 34905. HAMILTON *v.* THE STATE.

TOWNSEND, J. This is an appeal from a judgment denying a motion for new trial on the general grounds only. The evidence, while in conflict, was sufficient to authorize the jury to find that the defendant was operating an automobile while under the influence of an intoxicant, and that this influence was of such degree that he was so affected by intoxicating liquor as to make it less safe for him to operate such motor vehicle than it would be if he were not affected by the intoxicant. *James* v. *State,* 45 *Ga. App.* 228 (1) (164 S. E. 104); *Hinson* v. *State,* 88 *Ga. App.* 318 (1) (77 S. E. 2d 63). The verdict, being supported by the evidence and having the approval of the trial court, will not be disturbed by this court. Code § 70-202 and cases cited thereunder. The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED NOVEMBER 13, 1953.

*R. L. Carr,* for plaintiff in error.

The defendant was indicted, tried, and convicted of operating an automobile while under the influence of intoxicating liquors. The arresting officer testified that he saw the defendant four miles east of Milledgeville on the Sparta road, and stopped him because he was weaving on the road; that he would hit the center line and then go off the pavement onto the shoulder; that, upon stopping the defendant, the officer smelled alcohol or whisky on his breath, and observed that he was under the influence of an intoxicant; that he found in the defendant's car a half-pint bottle of whisky which was half full; and that he took the defendant to jail within ten or fifteen minutes from the time he apprehended him. The deputy sheriff in charge of the jail testified that, when the defendant was brought to the jail, he was drunk; that he smelled liquor on the defendant's breath, and he staggered while being helped up the stairway.

This testimony was contradicted by the statement of the defendant, in substance that his unsteadiness was due to an arthritic condition rather than to intoxicants, and that he was not under the influence of liquor to any extent whatever. The defendant's contentions were corroborated by several witnesses who testified in his behalf.