## 34970. McGREGOR *v.* THE STATE.

TOWNSEND, J. 1. On the trial of the defendant for operating a motor vehicle over a public road while under the influence of intoxicants, it was not error for the court over objection to admit evidence to the effect that he was traveling at 90 miles per hour, as shown by the speed of the automobile in which he was being pursued by the sheriff, a witness for the State. One is guilty of driving while under the influence of intoxicants when he is affected by liquor to the extent that it is less

safe for him to operate his automobile than it would otherwise be if he were not so affected. *Hinson* v. *State,* 88 *Ga. App.* 318 (77 S. E. 2d 63). Therefore, evidence as to the manner of driving, including excessive speed, may be taken into account where there is evidence that the defendant has been drinking, for the purpose of determining whether or not his manner of driving shows him to have been affected by the intoxicant to the extent that he drives less safely and carefully than he might otherwise have done, and for this purpose evidence of travel in excess of the legal rate of speed may be considered. The admission of this evidence was not error.

2. As a general rule the court is not required without a request to charge on a defense made only by the defendant's statement. *Reeves* v. *State,* 196 *Ga.* 604, 614 (27 S. E. 2d 375). The defendant and Bobby Pressley were in the automobile in question; Pressley testified positively that the defendant was driving and he was a passenger. Testimony of a third person as to prior contradictory statements made by Pressley to the effect that the latter was driving was admissible for impeachment purposes only, and was not evidence to that effect. *Henry* v. *Hoch,* 76 *Ga. App.* 819, 823 (47 S. E. 2d 159). Since Pressley's testimony on the trial was that the defendant was driving, and that of the State's witness related only to prior contradictory statements made by him, its only effect could have been to impeach the State's witness, and it could not amount to corroboration of the defendant's statement that Pressley and not he was the driver of the automobile. Accordingly, there is no merit in the second special ground of the amended motion for new trial, contending that the court should have charged without request on the defendant's contention that he was not the driver of the automobile.

3. The general grounds of a motion for new trial do not raise the question of lack of proof of venue. Code § 6-1609; *Prather* v. *State,* 72 *Ga. App.* 788 (4) (35 S. E. 2d 144).

4. As to the general grounds of the motion for new trial, the Sheriff of Bartow County testified that he followed the defendant's automobile down Georgia State Highway 113 (the road alleged in the indictment); that he lost the car, but came upon it immediately after it had been wrecked on the Alabama Road in Bartow County; that the defendant was intoxicated at that time, and stated that he knew he was intoxicated and for that reason had not been driving his car but had asked his companion, Pressley, to drive it, and that the latter had done so. The car was identified as belonging to the defendant, but the witness was unable to say which man was behind the wheel at the time he was following it. Pressley testified positively that the defendant was driving. This testimony is sufficient to support the conviction, since (a) it was not denied that the defendant was intoxicated, (b) the jury was authorized to believe Pressley's testimony, the effect of the attempt to impeach him being for their determination, and (c) testimony that the car was being driven along Georgia State Highway No. 113 was sufficient proof that the car was being driven along a "public street or highway" in contravention of Code § 68-307. A highway is a public way. See *Schlesinger* v. *City of Atlanta,* 161 *Ga.* 148, 159 (129 S. E. 861); *Hines* v. *Wilson,* 25 *Ga. App.* 63 (2) (102 S. E. 646). This case differs from *Isenhower* v.

*State,* 88 *Ga. App.* 762 (77 S. E. 2d 834), in that the only testimony there relating to place was that the defendant was driving on "a road," without proof as to whether the same was a private or public road, or private way.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 16, 1954.

*Pittman & Greene,* for plaintiff in error.

*Erwin Mitchell, Solicitor-General, Beverly Langford, Assistant Solicitor-General,* contra.