## 35510. HARPER *v.* THE STATE.

457

Decided February 3, 1955.

*J. T. Sisk*, for plaintiff in error.

*H. B. Payne, Solicitor*, contra.

Carlisle, J. ■ Headnote 1, when read in connection with the statement of facts, requires no elaboration.

■ In its instructions to the jury the trial court charged: "I also give you in charge the following law that will govern in this case:

"That part of section 68-307 of the Code of Georgia provides that no person shall operate a motor vehicle upon any public street or highway in this State whether as owner or operator of such vehicle, while under the influence of intoxicating liquors, or drugs.

"[1] In contemplation of law, an operator of a motor vehicle

on the public highways of this State is under the influence of intoxicating liquors when he is affected by intoxicating liquor as to make it less safe for him to operate such vehicle than it would be if he was not affected by such intoxicating liquor.

"[2] On the trial of one charged with operating an automobile upon a public highway in this State while under the influence of intoxicating liquor, it is not necessary for the State, in order to secure a conviction, to show that the accused was drunk, but it is sufficient if the State shows, beyond a reasonable doubt, that the accused (while driving the car) was under the influence of some intoxicant as charged, to any extent whatsoever, whether he was drunk or not." (Brackets added by this court.)

The defendant, in special ground 4 of his motion for new trial, has assigned error on the two excerpts from the court's instructions to the jury, which we have numbered 1 and 2, and contends that, while the first excerpt contains a correct statement of the applicable law, the second excerpt does not; and, since the two excerpts were given in sequence, the jury was left to choose between a correct and an incorrect statement of the applicable law and consequently was misled and confused. While counsel for the defendant concedes that each of these excerpts has been held by this court on more than one occasion to contain a correct statement of the applicable law, counsel insists that, since each excerpt contains a different criterion for determining the guilt of one charged with operating a motor vehicle on the public streets or highways of this State while under the influence of intoxicating liquors, or drugs, both cannot contain a correct statement of the law; and that, even if each of the two statements could be correct when charged separately, the two statements should never be charged together in the same case. Counsel for the defendant suggests the conflict between the cases of this court on the applicable criterion for determining the guilt of one charged with violating Code (Ann. Supp.) § 68-307, and requests a clarification of the law on this point by this court by a review of its cases.

From a rather exhaustive search of the cases, we find that the language contained in the second excerpt has been explicitly approved or applied in the following criminal cases: *Chapman* v. *State*, 40 *Ga. App.* 725 (151 S. E. 410) ; *Wallace* v. *State*, 44 *Ga.*

*App.* 571 (162 S. E. 162); *Cavender* v. *State,* 46 *Ga. App.* 782 (169 S. E. 253); *Moye* v. *State,* 46 *Ga. App.* 727 (169 S. E. 59); *Austin* v. *State,* 47 *Ga. App.* 191 (170 S. E. 86); *Lanier* v. *State,* 52 *Ga. App.* 459 (183 S. E. 658); *Parker* v. *State,* 53 *Ga. App.* 344 (185 S. E. 598); *Stegall* v. *State,* 53 *Ga. App.* 353 (185 S. E. 596); *Hall* v. *State,* 58 *Ga. App.* 398 (198 S. E. 713).

We find that the language contained in the first excerpt has been explicitly approved or applied in the following criminal cases: *James* v. *State,* 45 *Ga. App.* 228 (164 S. E. 104); *Hinson* v. *State,* 88 *Ga. App.* 318 (77 S. E. 2d 63); *Isenhower* v. *State,* 88 *Ga. App.* 762 (77 S. E. 2d 834); *Hamilton* v. *State,* 89 *Ga. App.* 159 (78 S. E. 2d 875); *Hart* v. *State,* 26 *Ga. App.* 64 (105 S. E. 383).

In *Kea* v. *State,* 52 *Ga. App.* 211 (182 S. E. 802), we find that each of the two excerpts was charged together, the second excerpt being followed by the first, and that the combination of instructions was approved by this court.

The earliest definition of "under the influence of intoxicants" that we have been able to find in the reported cases from this court is to be found in *Hart* v. *State,* 26 *Ga. App.* 64. The definition given there is the same as that given in the first excerpt from the charge in the present case. We shall, for convenience, denominate this rule as the "less-safe" test. We do not encounter the use of the rule stated in the second excerpt from the charge in the present case until we find this court approving that language in *Chapman* v. *State,* 40 *Ga. App.* 725 (151 S. E. 410). We shall denominate that rule as the "to-any-extent-whatsoever" test. Thus, we find that we have two rules for determining the question of when one is under the influence of intoxicants within the meaning of Code (Ann. Supp.) § 68-307. It is interesting to note that the *Hart* case, which laid down the "less-safe" test, is the only authority cited in the *Chapman* case, where the "to-any-extent-whatsoever" test is laid down. The genesis of each rule would seem to be found in the *Hart* case; that is to say, two divergent plants have sprung from the same seed.

The "to-any-extent-whatsoever" test is applied in *Wallace* v. *State,* 44 *Ga. App.* 571 (162 S. E. 162), and the *Chapman* case is cited as the sole authority for such application. The "less-safe" test is subsequently reapplied in *James* v. *State,* 45 *Ga.*

*App.* 228 (164 S. E. 104), which relies upon the *Hart* case and the *Chapman* case as its authority. But, again, we find the court applying the "to-any-extent-whatsoever" test in *Moye* v. *State*, 46 *Ga. App.* 727 (169 S. E. 59), where the *Wallace, Chapman,* and *James* cases are relied upon as authority. The same test is applied in *Austin* v. *State*, 47 *Ga. App.* 191 (170 S. E. 86), and the *Hart* and *Chapman* cases are relied upon as authority. In *Lanier* v. *State*, 52 *Ga. App.* 459 (183 S. E. 658), the "to-any-extent-whatsoever" test is followed by simple reliance on the *Austin* case, and that was the procedure followed in *Stegall* v. *State*, 53 *Ga. App.* 353 (185 S. E. 596). In *Parker* v. *State*, 53 *Ga. App.* 344 (185 S. E. 598), the "to-any-extent-whatsoever" test is again applied by reliance on the *Chapman, Moye,* and *Austin* cases. In the last application of that rule, the court, in *Hall* v. *State*, 58 *Ga. App.* 398 (198 S. E. 713), cites only the *Moye* case as authority.

In the more recent applications of the "less-safe" test, this court, in *Hinson* v. *State*, 88 *Ga. App.* 318 (77 S. E. 2d 63), *Isenhower* v. *State*, 88 *Ga. App.* 762 (77 S. E. 2d 834), and *Hamilton* v. *State*, 89 *Ga. App.* 159 (78 S. E. 2d 875), reverts to the use of *James* v. *State*, 45 *Ga. App.* 228 (164 S. E. 104), as its authority; and, since the *James* case, as we have said already, depends upon the *Hart* case, we might say that the court has reverted to the *Hart* case as the *James* case relies upon the *Hart* case.

In *Kea* v. *State*, 52 *Ga. App.* 211 (182 S. E. 802), where both of the rules were charged seriatim by the trial court and the language and procedure were approved by this court, the *Hart* and *Chapman* cases are again relied upon as authority.

Our examination of these cases compels us to confess that the existing contrariety of opinion as to the proper test to be applied in determining when one is under the influence of intoxicants within the meaning of Code (Ann. Supp.) § 68-307 results from the expressions of this court itself on the subject. Such a result was never intended and comes, we think, from those nuances, or differences, between what is actually said and what is intended to be said. The "less-safe" test, which was the earliest expression of this court on the subject (*Hart* v. *State*, 26 *Ga. App.* 64, 105 S. E. 383), and which runs as an unbroken thread

through all the later decisions, we take to be the true test; and, from a perusal of the records of file in this court in those cases which have applied the "to-any-extent-whatsoever" test, we think that the court in those cases was not attempting to establish a new test, without dispensing with the older test, but in reality intended and was endeavoring to apply the true test. The vice of the language used in those cases applying the "to-any-extent-whatsoever" test—in that it falls short of conveying the meaning intended—is that, having assumed the truth and accuracy of the language of the "less-safe" test (that one is, in the eyes of the law, considered to be under the influence of intoxicants within the meaning of the statute when it appears that it is less safe for him to operate a motor vehicle than it would be if he were not so affected), the court in its application of its primary assumption destroys that assumption. We can best illustrate the destruction of the "less-safe" rule in the court's effort to apply it by an analysis of the *Chapman* case. In that case, which relies entirely on the *Hart* case, the following instruction to the jury was approved: "It is not necessary for the State to show that the accused was drunk, but it is sufficient if the State shows, beyond a reasonable doubt, that *the accused was under the influence* of some intoxicant as charged, *to any extent whatsoever,* whether drunk or not." By its reliance on the *Hart* case we think unquestionably it was intended by the court to say: "It is not necessary for the State to show that the accused was drunk, but it is sufficient if the State shows, beyond a reasonable doubt, that the accused was under the influence of some intoxicant as charged, to the extent that it was less safe for him to operate a motor vehicle than it would have been if he were not so affected, whether drunk or not."

Since, in our view, the *Chapman, Wallace, Moye, Austin, Lanier, Parker, Stegall, Kea* and *Hall* cases, supra, do not follow the true test established in the *Hart* case, but represent ineffectual efforts to do so, and have the effect of establishing a different test, those cases will not in the future be followed by this court, but the true test contained in the older *Hart* case will be adhered to. In consequence of what has been said, the trial court erred in giving in charge to the jury the excerpts complained of in this special ground of the motion for a new trial.

3. The defendant was charged with operating a motor vehicle "upon a public highway of . . . [this] State while he was under the influence of intoxicating liquors," and evidence as to the manner of driving may be taken into account where there is evidence that the defendant has been drinking, for the purpose of determining whether or not his manner of driving shows him to have been affected by the intoxicant to the extent that he drives less safely and carefully than he might otherwise have done had he not been so affected (*McGregor* v. *State*, 89 *Ga. App.* 522, 80 S. E. 2d 67), but evidence of the manner of the defendant's operation of a different vehicle at a different time and place is inadmissible. Special grounds 2 and 3 of the motion for a new trial are well taken.

4. The trial court erred in denying the motion for a new trial for the reasons stated in divisions 2 and 3.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*