35766. BISHOP *v.* THE STATE.

TOWNSEND, J. 1. The defendant was tried and convicted in the Criminal Court of Fulton County on an accusation charging him with the operation of an automobile while intoxicated. His application to the Superior Court of Fulton County for writ of certiorari was sanctioned and after hearing was overruled. The exception is to this judgment. The answer of the trial court to the certiorari was not traversed, and is accordingly conclusive of what evidence was adduced on the trial and must be accepted as being absolutely true. *Carter* v. *State*, 3 *Ga. App.* 476 (60 S. E. 123); *Mons* v. *State*, 84 *Ga. App.* 340 (66 S. E. 2d 159).

2. The evidence was amply sufficient to authorize the jury to find that the defendant, while under the influence of intoxicants, drove his truck into a service station on Bankhead Avenue in Fulton County, and, while still under the influence, drove out of the service station onto Bankhead Avenue and proceeded down that street for about 150 yards, where he drove his truck over an 8-inch curb and parked it; that he looked, talked and acted as though drunk and was in a drunken condition, that he smelled of whisky and, in the opinion of witnesses, was under the influence of intoxicating liquor to the extent that it was less safe for him to have operated the truck than it would have been had he not been under

its influence. In contemplation of law an operator of a motor vehicle on the public highway is under the influence of intoxicating liquor when he is so affected by it as to make it less safe for him to operate a motor vehicle than it would be if he were not affected by such intoxicating liquor. *Hinson* v. *State,* 88 *Ga. App.* 318 (77 S. E. 2d 63); *Cavender* v. *State,* 46 *Ga. App.* 782 (2) (169 S. E. 253); *Johnson* v. *State,* 69 *Ga. App.* 377 (25 S. E. 2d 584). See also *Austin* v. *State,* 47 *Ga. App.* 191 (170 S. E. 86). The general grounds are without merit and the verdict of the jury was authorized. *Mons* v. *State,* supra.

3. The defendant urges in his brief that there is a material variance between the allegata and the probata in that the accusation charged the defendant with operating an automobile while the proof showed the operation of a truck. There is no merit in this contention. A truck comes within the generally and legally accepted definition of an automobile, for which reason there is no variance. *Life & Casualty Ins. Co.* v. *Roland,* 45 *Ga. App.* 467 (1) (165 S. E. 293) and cases therein cited. See also Code (Ann. Supp.) § 68-1502 (3a).

The verdict is supported by the evidence and the judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided July 12, 1955.

*R. A. Whitsett,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, C. O. Murphy,* contra.