## 36593. BARTLEY *v.* THE STATE.

DECIDED APRIL 2, 1957.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.

GARDNER, P. J.   We do not ordinarily pass on the general grounds when we are reversing the case on special grounds, but here we might say that the evidence is not sufficient and conclusive to show that the defendant was guilty of driving while under the influence.   Unless the evidence upon another trial is decidedly stronger against the defendant than it appears in the record now before us, no conviction will lie.

In support of the contention that the evidence supports the verdict, counsel for the State cites *McGregor* v. *State,* 89 *Ga.*

*App.* 522 (80 S. E. 2d 67). In that case the evidence showed that the defendant was intoxicated, *was driving at the rate of ninety miles per hour and wrecked the car.* There is no evidence of excessive speed in the instant case. The only evidence whatsoever as to the manner of driving the car was that of the chief of police, that the defendant was driving in a fast manner. In *Jowers* v. *State,* 88 *Ga. App.* 859 (78 S. E. 2d 92), cited by the State, the defendant was described as driving the car by swerving it back and forth across the road and the defendant was staggering. The evidence in the case at bar shows no such driving and there was no evidence that the defendant was sufficiently drunk to be staggering. In *Bishop* v. *State,* 92 *Ga. App.* 494 (88 S. E. 2d 746), cited by counsel for the State, the defendant talked and acted as if he were drinking and it was shown he drove his truck over an 8-inch curb in order to park it. No such unusual driving is shown in the case at bar. In order to convict one for driving while under the influence of intoxicants, in contemplation of the law, it must be shown that he was under the influence of intoxicants and that he was so affected thereby as to make it less safe for him to operate such motor vehicle than it would be if he was not affected by such intoxicants. It is our opinion that the evidence in the instant case did not meet this test and a conviction is not indicated. There is not sufficient evidence to show the defendant guilty of driving while under the influence of intoxicants.

■ Special ground 1 assigns error because the court refused to declare a mistrial because of a question propounded by the solicitor-general in the course of the trial. The question was never answered, and while it was inept and out of order, the trial judge cautioned the jury to disregard the question and not let it prejudice their minds. It is our opinion that the unanswered question proved harmless in view of the court's prompt refusal to allow the question to be answered and in view of the caution to the jury. This ground is not meritorious.

■ Special ground 2 assigns error because the court charged that the defendant should be convicted if the jury "should find that he was under the influence of intoxicating liquors or drinks." This is erroneous under the ruling of *Hart* v. *State,* 26 *Ga. App.*

64 (105 S. E. 383). The "to any extent whatsoever" rule has been abandoned in favor of the "less safe" to drive rule. It is our opinion that this excerpt from the charge of the court gave the jury the "to any· extent whatsoever" rule and is erroneous. See *Harper* v. *State,* 91 *Ga. App.* 456 ·(86 S. E.· 2d 7) and other cases cited· hereinabove. This special ground shows reversible error. The court erred in denying the motion for new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*