## 39061. BRYANT v. THE STATE.

TOWNSEND, Presiding Judge. ▮ On the trial of an accusation charging the defendant with the offense of driving a vehicle under the influence of intoxicants, testimony of a witness that the defendant was intoxicated to the extent it was less safe for him to drive is opinion evidence. *Bagley v. State,* 98 Ga. App. 825 (2) (107 SE2d 232). While to convict it is necessary to show facts sufficient to authorize a finding by the jury both that the defendant was under the influence of intoxicants and that he was so affected thereby as to make it less safe for him to operate the vehicle which he was in fact operating (*Bartley v. State,* 95 Ga. App. 422 (1), 98 SE2d 110) it is not necessary that a witness testify in so many words that in his opinion it was less safe, where the facts testified to would authorize such an inference on the part of the jury.

2. The evidence of three witnesses in this case is to the effect that the defendant was driving an automobile rather slowly along a paved street in the City of Rome at about 11 p.m. on a clear night; that the witness's automobile passed that of the defendant and as it did so the defendant cut the wheels of his car to the left, the left front fender of his automobile colliding with the right rear fender of that of the witnesses; that the driver and the defendant got out, and the defendant drew a knife on the driver and threatened him; that the two passengers then alighted and the defendant got back in his car and drove off; that the driver smelled something on his breath which smelled like liquor, although the driver did not himself drink and could not swear what he smelled was alco-

hol; that according to all the witnesses the defendant appeared drunk, staggered, cursed, and acted like a wild man; that within 15 minutes after the defendant drove away he was apprehended by a police officer who testified that he seemed very drunk, staggered, and could not talk plainly, and that there were three empty half pint liquor bottles in the automobile. This evidence is sufficient upon which to predicate a guilty verdict. See *Rice v. State,* 98 Ga. App. 803 (107 SE2d 270); *Parker v. State,* 53 Ga. App. 344 (185 SE 598).

3. "In the trial of such a case, evidence tending to show that the operator of the vehicle had whisky about his person, or in the vehicle with him, is relevant, being a circumstance for consideration by the jury upon the issue as to the operator's use of intoxicating liquors." *Hart v. State,* 26 Ga. App. 64, 65 (105 SE 383). It was not error to admit, over the objection that it was irrelevant, testimony that three half-pint whisky bottles were in the defendant's automobile when he was stopped by the police officer, and that the bottles were empty.

4. A special ground of a motion for a new trial is not complete within itself so as to present a question for adjudication where, to make it intelligible, it is necessary to refer to other parts of the record, including the charge of the court. *Hawkes Co. v. Cowart Co.,* 21 Ga. App. 397 (94 SE 643); *Head v. State,* 144 Ga. 383 (87 SE 273). *Code Ann.* § 6-901 allows reference to the record to be made by page number, but no effort at compliance with this requirement was made by the appellant. Special ground 2 of the motion for a new trial contends that the charge of the court giving the forms of the guilty and not guilty verdict were incomplete and confusing "in that defendant was being tried under two separate accusations . . . and the jurors . . . therefore could not reach a verdict on each accusation according to its own merits." The ground fails to set out any language of the charge indicating this to be the case, or what other accusation the defendant was being tried on, or whether he was found guilty or innocent thereunder, or whether one verdict or two were returned by the jury. The record also fails to show such other accusation or its termination, but does show that the guilty verdict was entered and signed on the back of the accusation in this case. This ground of the motion for a new

trial is too imcomplete within itself for consideration, and would not be aided by the record before us even should the court consider it. It accordingly shows no ground for reversal. The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 28, 1961.

*Scoggin & Minge, Jerry L. Minge,* for plaintiff in error.
*Chastine Parker, Solicitor,* contra.