## 46828.  BURKHALTER v. THE STATE.

EVANS, Judge. The defendant was indicted for misdemeanor offenses in two counts, speeding and driving under the influence of intoxicants. He waived trial by jury and was tried and convicted before the judge. During the trial counsel for defendant admitted a prima facie case of speeding, but offered the sworn testimony of the defendant in which he denied driving under the influence of intoxicants. After his conviction he was sentenced to serve 12 months in each of the two cases consecutively. The appeal is from the judgment of conviction and sentence. Error is enumerated as to the denial of his motion for new trial, as amended, based upon the insufficiency of the evidence. *Held:*

1. The admission of guilt of speeding by counsel, as well as the direct and circumstantial evidence, shows no reversible error in the denial of the motion for new trial on the general grounds.

2. However, the evidence was totally insufficient to prove the defendant had been driving under the influence of intoxicants. The only evidence as to the same was, (1) the testimony of the police officer investigating the automobile collision, who stated that he smelled "a little odor" of alcohol in the car driven by the accused at the scene, and (2) the testimony of another officer who talked to the accused in the emergency clinic in the University Hospital in Augusta two hours after the collision, and who stated he smelled the strong odor of alcohol on the

accused. There was also testimony that the accused agreed to take a blood alcohol test but that it was not given.

The evidence utterly fails to show that defendant was operating a motor vehicle under the influence of intoxicants before the collision occurred. At most, there was a mere inference that defendant may have been drinking before the collision from the smell of alcohol in the car in which he was riding. This was not enough to prove his guilt beyond a reasonable doubt. The other evidence by a police officer, more than two hours after the collision, as to the condition of the accused in the hospital at a location some distance away from the collision, if at all relevant, fails to establish that the driver was affected by alcohol in any way while driving the vehicle. See *Cavender v. State*, 46 Ga. App. 782 (2) (169 SE 253); *Austin v. State*, 47 Ga. App. 191 (170 SE 86); *Johnson v. State*, 69 Ga. App. 377 (25 SE2d 584); *Hinson v. State*, 88 Ga. App. 318 (77 SE2d 63); *Bishop v. State*, 92 Ga. App. 494 (88 SE2d 746); *Bartley v. State*, 95 Ga. App. 422 (1) (98 SE2d 110); *Wells v. State*, 110 Ga. App. 507 (139 SE2d 151). The evidence, at best, only tends to raise a suspicion of the guilt of the accused, and will not support a conviction of the offense with which he is charged. *Harris v. State*, 191 Ga. 243 (21) (12 SE2d 64). The judgment is reversed as to the verdict of guilty with reference to driving under the influence of intoxicants.

*Judgment affirmed as to Count 2; judgment as to conviction and sentence reversed as to Count 1. Bell, C. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 4, 1972—DECIDED JANUARY 27, 1972.

*Leonard M. Tuggle,* for appellant.