501 P.2d 57

**David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PINAL, The Honorable T. J. Mahoney, the Judge thereof; and Real Party in Interest, Clovis HALCOMB, Respondents.**

**No. 2 CA–CIV 1274.**

Court of Appeals of Arizona, Division 2.

Sept. 27, 1972.

Gary K. Nelson, Atty. Gen., by Donald O. Loeb, Asst. Atty. Gen., Phoenix, for petitioner.

No appearance for respondents.

KRUCKER, Chief Judge.

The subject of this special action proceeding is an order of the respondent court in proceedings pursuant to A.R.S. § 28–451 to review an administrative suspension of the respondent real party in interest's driver's license. Since there is no right to appeal from such order, Meyer v.

Campbell, 13 Ariz.App. 601, 480 P.2d 22 (1971), appellate intervention by way of special action is appropriate. Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (1971).

Briefly, the facts are as follows. On December 3, 1971, the respondent real party in interest (hereinafter referred to as respondent) was observed by a police officer driving in an erratic manner on State Highway 77 near the Old Tiger Mine Road turnoff. The respondent turned right onto the Old Tiger Mine Road whereupon the officer stopped him. Respondent was arrested and charged with driving while under the influnece of intoxicating liquor in violation of A.R.S. § 28–692, as amended. A few days later, the arresting officer submitted an affidavit to the Motor Vehicle Division, alleging that the respondent had refused to submit to a breathalizer test. Respondent's license was ordered suspended and, after affording respondent an administrative hearing, the order of suspension was affirmed.

Respondent filed a timely petition for review in superior court challenging the suspension order on the grounds that he had not refused to submit to a breathalizer test and that the arresting officer lacked reasonable grounds to believe that he was intoxicated. A superior court hearing on the merits was conducted pursuant to A.R.S. § 28–451 and the lower court, after taking the matter under advisement, ruled in favor of the respondent for "the reason that it is a material element of the allegations that the State prove that same was a public highway." (The petitioner requested the court to take judicial notice of the fact that State Route 77 was a public highway.)

 The implied consent law pertains to operations of motor vehicles upon the public highways of this State. A.R.S. § 28–691, subsec. A, as amended. We agree with the petitioner here that the lower court erred in ruling that proof of a material element, i. e., operation of the motor vehicle on a *public highway* was lacking. The arresting officer testified that he had, prior to arrest, observed respondent driving on State Route 77 in an erratic manner.

It is a matter of common knowledge that the state highways of Arizona are designated "routes," are numbered, and that such numbered routes are public highways. Courts will take judicial notice of many facts, obviating the necessity of proof thereof, and the public character of a named thoroughfare is a proper subject of judicial notice. State v. Peterson, 268 A.2d 482 (Me.1970); Moye v. State, 46 Ga.App. 727, 169 S.E. 59 (1933); overruled on other grounds in Harper v. State, 91 Ga.App. 456, 86 S.E.2d 7 (1955); State v. Duranleau, 99 N.H. 30, 104 A.2d 519 (1954); 8 Am.Jur.2d Automobiles and Highway Traffic § 895 (1963); Annot. 48 A.L.R.2d 1102 § 8.

We hold, therefore, that the lower court erred in not taking judicial notice of the fact that State Route 77 is a public highway. The order rescinding the petitioner's revocation of respondent's license is hereby vacated with directions to enter an order not inconsistent with this decision.

HATHAWAY, and HOWARD, JJ., concur.