METROPOLITAN ST. R. R. Co. *v.* JOHNSON, and *vice versa.*

1. Where a question to a witness is objected to as leading, and the court, without directly sustaining the objection, suggests a better form which is adopted by the examining counsel, there is in this no cause for a new trial.

2. On the trial of an action against a street railroad company for damages to the plaintiff occasioned by negligent injury to his wife, sustained in consequence of running a dummy against her while she was endeavoring to cross a street in front of a train, it is not competent to prove what was the usual custom of pedestrians when they undertook to cross a street along which cars drawn by dummies were passing.

3. In an action by a husband for loss of his wife's services occasioned by a tortious personal injury to her, he can recover the reasonable value of such services as have been lost to him from the time of the injury to the date of trial; and in calculating the amount, the jury may take into consideration the nature of the services, and all the circumstances of the case. There need

be no direct or express evidence of value, either by the day, week, month, or any other period of time, or of any aggregate sum. The peculiar relation which the wife sustains to her husband and his household takes her services out of the rules of law which apply to computing the value of services rendered by hirelings or ordinary servants.

April 3, 1893. Argued at the last term.

Before Judge VAN EPPS. City court of Atlanta. December term, 1891.

Johnson sued the railroad company for damages for loss of services of his wife, and expenses for physician's bill and medicines, growing out of an injury which she sustained by the running of defendant's locomotive and cars. The testimony for plaintiff as to the injury to his wife and the expenses was at first restricted by the court to the filing of the suit, but after amendment of the declaration testimony was allowed as to the injury and expenses up to the trial. There was no evidence of the value of Mrs. Johnson's services, though there was evidence on behalf of plaintiff that his wife before the injury was generally able to do all the house-work most of the time, but since then had been able to do hardly any house-work and no sewing. The physician employed by plaintiff testified that his bill would be from $75 to $100, and he thought the filling of his prescriptions would cost $20 or $25. There was testimony for the defendant, that Mrs. Johnson was seriously afflicted before the alleged injury, and was unable to attend to her house-work, etc. The plaintiff obtained a verdict for $300, and the defendant in its bill of exceptions made the following assignments of error:

1, 2. Pending the examination of defendant's engineer, he was asked by defendant's counsel, "State what communications had you, if any, as to whether or not Mrs. Johnson was going to cross the street in front of the dummy, whether she was waiting for the dummy to pass before she undertook to cross." Plaintiff's counsel

objected that the question was leading, and the court stated, "It would be a better form to ask what knowledge he had on that subject." Defendant's counsel then asked, "What knowledge had you of what Mrs. Johnson proposed to do when you saw her leave the sidewalk to cross the street?" A. "I supposed she was going to walk up to a certain distance and stop." Plaintiff's counsel objected to the supposition of the witness. The court said, "The conclusion at that time (in view of the then present) of her intended movements I think would be competent." Defendant's counsel asked, "When did you first know that you had struck her?" A. "After the fireman told me that we had struck her." Q. "What is the usual custom of the way passengers or pedestrians act towards these dummies— when you are driving down the street what is the usual custom of people when they undertake to cross the street when dummies are coming along, what has been your observation"—— Plaintiff's counsel objected to the observation of the witness or usual custom, and the objection was sustained as to his observations of the conduct of other people at a previous time. Defendant alleges that the court erred in refusing to allow the engineer to answer the first of the foregoing questions, because it was not leading and was in legal form, and defendant's counsel had the right to frame the question in that way and have it answered. Also, the court erred in not allowing the engineer to answer the last question, because the jury were to compare Mrs. Johnson's conduct with that of other people under like circumstances, and it was competent to show how others acted under like circumstances, by any one who had observed such conduct.

3. Defendant's counsel requested the court to charge that "The jury have no right to find in this case anything for loss of services, unless there is evidence before

them of the value of such services." The court refused so to charge, and the refusal is assigned as error. As to the measure of damages the court charged: "The plaintiff has no right to recover in this case for loss of services, unless the evidence shows that before the injury his wife was capable of rendering services, and that by reason of the wrong of the defendant that capacity has been diminished. The plaintiff would be entitled to recover (if you find the issues with him) the reasonable value of such services as have been lost to him, from the time of the injury to the date of the trial; and you are allowed to take into consideration, with a view to the calculation of the damages, the nature of the services, and all of the circumstances of the case, not, of course, exceeding the amount alleged in the declaration, which is $30 per month." This charge defendant alleges was erroneous, because, in the absence of any evidence of the value of the wife's services, no recovery therefor could be had, and therefore the charge was also illegal because "the nature of the services and all of the circumstances of the case" could in no wise legally aid the jury in calculating the damages; and the words last above quoted, tended to make the jury believe and did authorize them to believe, from all of said facts, that plaintiff could recover for loss of his wife's services without any evidence of their value.

By cross-bill of exceptions the plaintiff assigned as error the exclusion of evidence that the injuries to his wife were permanent, that she would be an invalid the balance of her life, that her capacity to do house-work or other services was permanently destroyed; and the court's charge that " he would not be entitled to recover for the prospective loss of the services of the wife after the date of the trial, and until her death, on the complaint that her injuries permanently impaired her capacity to render service in the future."

N. J. & T. A. HAMMOND, for the railroad company.

BURTON SMITH and W. H. POPE, *contra.*

BLECKLEY, Chief Justice.

1. The court made no direct ruling as to whether the question objected to as leading was or was not so, but suggested what the presiding judge deemed a better form of question. This suggestion was adopted by counsel, and the question, in its original form, was not pressed. Surely no cause for a new trial can be found in this.

2. In trying the question of negligence by the company, or by its engineer, relatively to Mrs. Johnson on the particular occasion in controversy, and incidentally the question of her contributory negligence, it was not competent evidence to show that the usual custom of pedestrians, as observed by the engineer, had been on former occasions to do thus and so. Their conduct would be no measure of diligence for Mrs. Johnson, because that measure is to be found, not in the conduct of such persons merely as the engineer has observed, but in the conduct of every prudent person who might be placed in like circumstances with those which environed Mrs. Johnson at the time of this occurrence. This standard was not one for proof by witnesses, but was already in the minds of the jurors. They were to compare her conduct with that standard, and not with a standard raised in the mind of the engineer, or which might be raised in their own minds by what he had noticed relatively to the usual conduct of certain unknown and unnamed persons, who may have been more or less diligent than prudent persons generally. Nor was the rejected evidence relevant touching the company's or the engineer's negligence, for the engineer was bound to anticipate that Mrs. Johnson would act as a prudent person according to a legal or jury standard, and not

merely according to the usual custom of those pedestrians whom he himself had personally observed.

3. The action being for a tortious personal injury to the plaintiff's wife, the court certainly did not err in charging the jury that, if the injury was committed, he could recover the reasonable value of her services which were lost to him during the period between the time of the injury and the date of trial. Without adjudicating the question, we will observe that our present opinion is, that the court could have gone further in respect to time so as to embrace any loss of service which would be reasonably certain to occur on account of the injury after the trial and during the probable existence of the coverture, the probable duration being measured by the continuance, according to the mortuary tables, of the joint lives of the matrimonial pair. Nor did the court err in charging that, in calculating the amount of the damages, the jury could take into consideration the nature of the wife's services and all the circumstances of the case. When the loss of a wife's services, resulting from a personal injury to her, is to be compensated for, she is not to be treated as an ordinary servant or as a mere hireling. Cooley on Torts, *226; Pennsylvania R. R. Co. v. Goodman, 62 Penn. St. 329. She sustains to her husband and his household a relation special and peculiar. Her place cannot be supplied; no other is capable of filling it. Some wives perform manual labor—others do not; yet the husbands of the latter no less than those of the former would certainly be entitled to compensation from wrong-doers for causing inability to perform service. The actual facts and circumstances of each case should guide the jury in estimating for themselves, in the light of their own observation and experience and to the satisfaction of their own consciences, the amount which would fairly and justly compensate the plaintiff for his loss. Certainly some ele-

ments of loss, such as manual labor, would be subject to estimation by witnesses; and, if evidence of this kind were produced, of course the jury should consider it together with the other facts. But what we hold distinctly is, that there need be no direct or express evidence of the value of the wife's services, either by the day, week, month, or any other period of time, or of any aggregate sum. The court committed no error in denying a new trial.

While the argument here was in progress, counsel for defendant in error expressed a willingness for the judgment to be reversed, and entered his consent to that effect in writing on the transcript of the record. This was done in the hope of a reversal on the cross-bill of exceptions, and for the sake of the opportunity which that reversal would afford to recover in another trial more damages than the jury awarded by the verdict already rendered. But we are satisfied with that verdict, as was the court below, and consequently we leave it to stand.

*Judgment affirmed. Cross-bill of exceptions dismissed.*