### COUNTY OF BIBB *v.* HAM.

1. Error in the charge of the court on the subject of contributory negligence will not work the reversal of a judgment in the plaintiff's favor, where there was no evidence of any contributory negligence on the part of the plaintiff.
2. In the light of the entire charge of the court, no material error appears to have been committed, and the evidence was sufficient to warrant the verdict.

Argued March 5, — Decided April 4, 1900.

Action for damages. Before Judge Nottingham. City court of Macon. May 6, 1899.

*J. L. Hardeman, Dessau, Harris & Birch, Roland Ellis,* and *Pope S. Hill,* for plaintiff in error.

*Hardeman, Davis & Turner* and *Smith & Winship,* contra.

SIMMONS, C. J. Suit was brought by Mrs. Ham against the County of Bibb, for damages for personal injuries alleged to have been sustained in consequence of the negligence of the county authorities in improperly constructing a certain county bridge and in failing properly to maintain it. The jury returned a verdict for the plaintiff. The defendant moved for a new trial, and the motion was overruled by the court. The defendant excepted.

1. One of the grounds of the motion for new trial complained of the charge of the court upon the subject of contributory negli-

gence. We agree with counsel for the defendant (the plaintiff in error here) that this charge was incorrect, but, inasmuch as the verdict was for the plaintiff and there was no evidence whatever of any contributory negligence on the part of the plaintiff or her agent, the driver of the vehicle in which she was seated, we can not see how this error could possibly have affected the finding of the jury. For this reason we think it was harmless and should not work a reversal of the judgment.

2. The court charged the jury that "General damages are those which the law presumes to flow from an unlawful act; special damages are those actually shown to have been sustained. General damages may be recovered without proof of any special amount; special damages, in order to be recovered, must be proved as to amount." To this charge the plaintiff in error excepted on the ground that it "tended to mislead and confuse the jury, as the plaintiff sued for no general damages, and as the cause of action did not authorize or justify the rendition of any verdict for general damages, and as the said charge was calculated to impress the jury with the idea that general damages might be found." We can see no error in this charge. While the petition of the plaintiff in the court below did to some extent set out and classify her damages, some of her claims were nevertheless for general damages. Section 3910 of the Civil Code defines general and special damages substantially as did the judge in the above charge. Under that definition, "the law infers bodily pain and suffering from personal injury, and loss of time from the disabling effect thereof." 1 Sutherland, Dam. (2d ed.) § 421. The present suit was for pain and suffering and loss of time, resulting from the personal injury to the plaintiff. She also sued for injuries which had disabled or affected her permanently, and as to such injuries it has been held that "the future effect of the injuries is not special damages which must be alleged, but general damages which necessarily flow from injuries received." Bradbury v. Benton, 69 Me. 194, 199. Certainly a part if not all of the plaintiff's claims came within the class "general damages," which are said to include "not only the direct expenses incurred by the plaintiff, but the loss of his time, the bodily suffering endured, and any

incurable hurt inflicted; for these may be classed among necessary results." Laing *v.* Colder, 8 Pa. St. 479, 49 Am. Dec. 533. See also Hopkins *v.* R., 36 N. H. 9, 72 Am. Dec. 287.

The plaintiff in error contended that, as a county is bound to construct and maintain its bridges in such manner only as to make them reasonably safe for travel, the following charges of the court were erroneous: " It is the duty of defendant in constructing bridges across streams to build them in a workmanlike and proper manner, having due regard for the safety of persons traveling over them, and to maintain them in a safe condition." " If you believe from the evidence that the defendant did construct this bridge since December 29, 1888, . . and did so build it in a workmanlike manner, and that it was in a reasonably safe condition for travelers to pass over it without danger, then you would be authorized to find . . for the defendant." " The law puts upon the county commissioners the duty of constructing bridges on the public highways across streams in a reasonably safe and workmanlike manner." " It was the duty of the defendant in constructing the bridge to do so in a workmanlike manner, and so maintain it that persons might drive over it in safety; and if necessary to make it ordinarily safe to put up guard-rails, then it was the duty of defendant to put up such guard-rails." The objections were directed principally at the use of the word " workmanlike." We think that a positive and unqualified charge that the county was bound to construct and maintain the bridge in a workmanlike manner would probably have been error, but in the present case the error, if any, was cured by the context and the remainder of the charge on this subject. The word "workmanlike" was used in such connection as clearly to show that the judge meant by it to impose upon the county no higher degree of care or diligence than does the law. Even if the words "workmanlike manner" would without modification have meant more than a manner suitable for the uses intended, they were so qualified and explained by the other expressions used that we think the jury could not have misunderstood the court's meaning. It must have been evident to every juror that the court meant that the duty imposed upon the county was that of constructing and maintaining the bridge

"in a reasonably safe condition for travelers to pass over it without danger." For these reasons, the court below did not err in overruling these grounds of the motion for a new trial.

Other exceptions were taken to the charge of the court. As the questions so made involve no new principle but are fully controlled by former decisions of this court, it would be useless to discuss them here. It is sufficient to say that we find no error in any of them when taken in connection with the entire charge of the court. The same is true of the refusal to charge as requested. No material error of law was committed, the charge of the court fully and fairly covered the issues involved, the evidence was sufficient to warrant the verdict, and the trial judge did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*