4842. MAYOR AND ALDERMEN OF SAVANNAH *v.* DUFOUR.

POTTLE, J.   1. Where, in a suit against a municipality for damages on account of personal injuries, it appeared, from the testimony, that while the plaintiff was walking on a sidewalk of the municipality her foot was caught in a hole therein which had been negligently left exposed by the defendant, as a result of which (as alleged in her petition) she fell, wrenched her shoulder and back, had one of her teeth knocked out, and had her lips and nose cut and bruised; that several months afterward, at the time of the trial, she was still suffering, and her health had been impaired as a result of the injuries, and she was unable to do her household duties, which she had been accustomed to perform before she received the injuries, it was not erroneous to charge the jury as follows: "She (the plaintiff) also sues for pain and suffering, which she claims to have sustained, and that she will continue to endure this pain, and that her general health has been impaired. Now that comes under the general head of pain and suffering. There is no mathematical measure given by law for this. The jury ascertains from the evidence if defendant is liable, how much pain and suffering has been undergone by plaintiff, and how much she will undergo, if the evidence discloses it. Then they will find for her what their enlightened consciences, as impartial jurors, would find from the evidence to be fairly compensatory to her, and at the same time fair to the defendant." The foregoing instruction was adapted to the evidence, and was not subject to any of the objections in the motion for a new trial.

2. An assignment of error that the verdict is contrary to a specific charge of the court is equivalent to a complaint that the verdict is contrary to law, and raises no question for decision in the reviewing court.

3. Under the testimony of the plaintiff, it can not be held that a verdict in her favor for $1,150 is legally excessive.

4. The evidence authorized the verdict.       *Judgment affirmed.*

DECIDED JULY 8, 1913.

Action for damages; from city court of Savannah—Judge Davis Freeman.   March 11, 1913.

*John Rourke Jr., David S. Atkinson,* for plaintiff in error.

*Twiggs & Gazan,* contra.