22373. UNITED STATES CASUALTY CO. *et al. v.* SMITH.

DECIDED FEBRUARY 3, 1933.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Thomas E. Scott,* contra.

GUERRY, J. This case is like "Banquo's ghost;" it continues to reappear. C. L. Smith was injured while in the employ of the International Vegetable Oil Company in the fall of 1921, and filed an application before the industrial commission for a hearing on October 20, 1921. On December 29, 1921, an agreement was entered into between the plaintiff in error and the defendant in error as to the payment of compensation. Thereafter Smith developed an aggravated condition as a direct result of the injury sustained upon which compensation had been paid, and on October 17, 1923, a hearing was had upon application by Smith on the ground of a change in condition. As a result of this hearing by the commission, an award was made on December 22, 1923, which award was in favor of C. L. Smith, the defendant in error, and carried permanent and total disability, with full compensation for 350 weeks, less the time for which Smith had been paid by the plaintiff in error prior to this award. This award by a single commissioner in December, 1923, was appealed to the full commission, and the full

commission sustained the award made by the single commissioner. Plaintiff in error then appealed from the award of the full commission to the superior court, where the award was sustained and affirmed. That judgment was affirmed by this court. 34 *Ga. App.* 363 (129 S. E. 880). The Supreme Court, on certiorari, affirmed the judgment of the Court of Appeals. 162 *Ga.* 130 (133 S. E. 851).

In the award made in December, 1923, the following language is used: "Smith has lost an arm, and has now a very badly infected foot which may result in the loss of the leg. He is totally disabled. Whether or not this disability will be permanent remains to be seen. If this total disability continues the claimant will be entitled to compensation for 350 weeks less the nine weeks com-. pensation already paid. If he should become able to work, by reason of an improvement in the condition of this foot, the award will be changed to 200 weeks for the loss of the arm and for the disability caused by the infection. It is found by the commissioner that the claimant's accident and injury arose out of and in the course of his employment, and that the disease of blastomycosis arose naturally and unavoidably from the accident suffered by the claimant in 1921." In all the hearings there was testimony showing that Smith had been and was suffering from a fungus disease known as blastomycosis, which the doctors say is a migratory disease traveling in the blood stream, and is seemingly arrested at times and then reappears, and sometimes causes persons suffering therewith to have mental disorder. After the Supreme Court had affirmed the rulings of this court, which affirmed the judgment of the superior court and the award of the commission, the plaintiffs in error paid Smith his regular compensation for 200 weeks, and then applied to the industrial commission for a, hearing, on the ground that Smith' had had a change in his physical condition. This was in August or September, 1926. Smith failed to appear, and the commission made an award as follows: "The employee, by reason of his failure to report for the examination ordered by the industrial commission to the insurance carrier, automatically loses all rights for a claim for additional compensation until he reports for the examination. The United States Casualty Company is relieved of any further payments on this case until C. L. Smith reports to Dr. C. W. Roberts and Dr. Fred Hames for an examina-

332

tion, and a hearing can be had to determine whether or not there has been a change of condition since the award was made on December 22, 1923." This ruling of the commission was dated October 18, 1926. On May 9, 1929, Smith made application for a hearing based upon change in condition, and on May 29 a hearing was had before a single commissioner, and on July 29, 1929, this commissioner made an award holding that there had been no change in Smith's condition, and denying compensation. Smith filed an appeal from the award of the single commissioner to the full commission nine days after the date of the single commissioner's award. The full commission had a hearing and directed that further testimony be taken. Plaintiff in error moved to dismiss the appeal to the full commission, upon the ground that it was not filed within seven days as provided by the workmen's compensation act. The single commissioner thereafter, in January, 1930, took additional testimony, upon which the full commission made an award in favor of Smith on April 7, 1930, in which award the motion of plaintiff in error to dismiss on the ground that the appeal had not been filed in time was overruled, and they reversed the decision of the single commissioner. The award of the full commission was appealed to the superior court, and was approved and sustained by that court. This court reversed the judgment, on the ground that the appeal by Smith on the award of the single commissioner on July 27, 1929, was not filed within seven days from the date of said award as is provided by the workmen's compensation act. It was held by this court in that opinion that "the awards of October 18, 1926, and July 27, 1929, were each and both binding and conclusive upon the questions of fact therein considered and passed upon, and there being before the full commission no evidence of any change in condition whatsoever *after either of these dates,* the commission erred in reestablishing compensation, contrary to such previous adjudications." 42 *Ga. App.* 774 (5) (157 S. E. 351). The effect of this decision was to declare that there had been no change in the condition of C. L. Smith between October 18, 1926, and July 27, 1929. On March 16, 1931, C. L. Smith made application for a hearing before the industrial commission, on the ground of change of condition both physically and mentally. The award of the commission in favor of Smith and the judgment of the superior court affirming the same are now before this court for adjudication.

The following language is used in the award: "I find, as a matter of fact, that there has been a change in the condition of the claimant both mentally and physically, and that at the present time he is totally disabled for competitive labor, and that the accident which he sustained is the proximate cause of his present total disability. I further find, as a matter of fact, from the evidence adduced, that this claimant is now suffering from the ravages of the disease known as 'blastomycosis', and, from the evidence adduced on the part of the physicians who have testified, that this is a very serious and disabling disease, and, from the descriptions given and the manner in which it preys on every portion of the human body, that it is second to leprosy, and that it not only renders the claimant herein disabled for competitive labor, but that in his present condition he should not be permitted to perform competitive labor if he were so disposed, as his disease is infectious. . . I further find that the claimant at the present time has psychosis, which is a disease of the mind, and that from a mental point of view he is not qualified to perform competitive labor, and further find that this psychosis, or mental disease, is the result of the disease of blastomycosis, which had its foundation in the accident which he sustained as above stated."

The instant case is easily differentiated from the case of *Ætna Life Insurance Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449), relied upon by plaintiff in error, in that in the *Davis* case there was an award made August 18, 1928, which found as a matter of fact that the "claimant has no permanent injury as a result of the accident sustained, and that he has recovered from the injuries sustained in said accident." On March 5, 1929, the industrial commission made an award reversing the award made August 18, 1928, on the ground that there had been a change in the condition of the claimant since that date. The Supreme Court, therefore, held that the award of the industrial commission dated August 18, 1928, became final and conclusive and binding upon the claimant, and fixed the law in the case, and that the industrial commission was without jurisdiction to rehear the case and decide the case in an opposite manner to which it had been decided by the commission previously. No such conditions arise in the present case. In the first award it was determined that there was a total disability, but it was provided that if there should be a change in condition the award might be modi-

334

fied. An order was passed modifying the award in October, 1926. A subsequent order was passed, July 27, 1929, holding that there had not at that time been any change in condition. These awards adjudicated the condition of the claimant prior to these dates. Under the evidence adduced and the award made, there was a change of condition subsequent to July 27, 1929, and the superior court did not err in sustaining the award.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*