## 27249. McLENDON *v.* FLOYD.

DECIDED FEBRUARY 23, 1939.

*Helen Douglas Mankin, Wright & Covington,* for plaintiff.
*Maddox & Griffin,* for defendant.

BROYLES, C. J. "Damages are given as compensation for the injury sustained." Code, § 20-1402. Therefore, in an action to recover damages for personal injuries, where the evidence, although in sharp conflict, authorized the finding of the jury establishing the liability of the defendant, and the undisputed evidence showed

actual damages to the plaintiff resulting from the injuries sustained, in the loss of her wages as a nurse for four months, amounting to $400, and in doctor's and hospital bills and medical expenses amounting to $300, and also severe pain and suffering, a verdict in favor of the plaintiff for $300 was grossly inadequate and contrary to law and the evidence, and the refusal to grant the plaintiff a new trial was error. See in this connection, *Travers* v. *Macon Ry. &c. Co.*, 19 *Ga. App.* 15 (90 S. E. 732); *Anglin* v. *Columbus*, 128 *Ga.* 469 (57 S. E. 780); *Potter* v. *Swindle*, 77 *Ga.* 419 (3 S. E. 94); *Slaughter* v. *Atlanta Coca-Cola Bottling Co.*, 48 *Ga. App.* 327 (172 S. E. 723). This is true although the trial now under review was the second trial of the case, and on the first trial a verdict in favor of the plaintiff for $250 was returned, which, on a motion for new trial, was set aside by the court as being inadequate. If the first verdict for $250 was so inadequate as to indicate prejudice and bias by the jury, then, under the evidence, the present verdict for $300 is likewise grossly inadequate for the same reason, and the error committed by a previous jury is no excuse, legal or moral, for a similar error by the jury on the second trial. "The question of the amount of the verdict is ordinarily for the court below, and [but?] where a grossly excessive [or a grossly inadequate] amount is returned, the trial court should never allow it to stand, no matter how many new trials it may be obliged to grant." Rea *v.* Pittsburg &c. R. Co., 229 Pa. 106 (78 Atl. 73, 140 Am. St. R. 721).

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*