1. Where a married woman in a state of pregnancy suffers physical injuries which are caused by another's negligence, but which may not have resulted except for her delicate condition, she is not to be debarred from recovering damages from the person guilty of the negligence for the injuries which are the legal and natural result of the act done. Pullman Company v. Strang, 35 Ga. App. 59 (132 S.E. 399).
2. "The determination of the proximate cause of an injury is for the jury, except in clear and unmistakable cases, and not a matter of law for the *Page 60 
court. Where the cause of an injury depends upon a state of facts from which different minds might reasonably draw different inferences, it is for a jury to determine the proximate cause of the injury." Queen v. Patent Scaffolding Co., 46 Ga. App. 364 (3) (167 S.E. 789).
3. A verdict of a jury can not be held to be excessive unless it be manifestly the result of prejudice or bias, or other corrupt motive. Code, § 105-2015; Merchants Miners Transportation Co. v. Corcoran, 4 Ga. App. 654, 655 (7), 670 (62 S.E. 130).
4. It not being apparent that the writ of error was sued out for delay only, the motion to award damages against the plaintiff in error, under Code § 6-1801, is denied.
5. The evidence authorized the verdict.
 DECIDED NOVEMBER 18, 1948.
The defendant in error, Sue Martin Mrozinski, filed a petition in Fulton Superior Court on June 9, 1947, against Saul Klenberg Company, alleging in substance: that the defendant had damaged her in the sum of $25,000; that on December 24, 1946, after doing some Christmas shopping, she hired a taxicab for the purpose of being conveyed to her home; that at the intersection of Edgewood Avenue and Hilliard Street, while the cab was almost at a standstill on the proper side of the street, it was violently struck from the rear by an automobile belonging to the defendant; that the plaintiff was thrown head foremost against the front seat of the cab; that the automobile of the defendant was driven by Ed Turner, the servant of the defendant, who was engaged in his master's business; that petitioner was in a state of pregnancy of six months duration; that she, prior to the injuries received, was in a state of robust health and was gainfully employed at a stated salary; that as a result of having been thrown against the front seat of the cab, the petitioner suffered various and sundry injuries, which were set forth in detail, to her person and to her nervous system, including a badly wrenched back for which she now wears, and will continue to wear for an indeterminate length of time, a brace and from which she suffers immense pain; that the injuries aggravated her pregnancy and childbirth in stated particulars; that she lost two months employment and salary as a result of the accident; that the automobile belonging to the defendant at the time of the collision was being operated at a dangerous and unlawful speed *Page 61 
and was not under the immediate control of the driver; that the driver was negligent in the above-mentioned particulars and in striking the taxicab, thereby inflicting the injuries and damaging the petitioner as aforesaid.
At the trial it was stipulated between the parties that Ed Turner, the driver of the automobile of the defendant, was the servant of the defendant and was acting in his master's business at the time of the accident. The medical testimony was conflicting, but some of it supported the contentions of the plaintiff. There was evidence that the driver of the car had just been to a Christmas party given by the defendant for its employees, that "drinks" had been served at the party, and that Turner was staggering and had to steady himself against the automobile which he was driving when he stepped out of it.
Verdict and judgment were had for the plaintiff in the sum of $4,500, and the defendant filed a motion for a new trial on the general grounds only, alleging that the injuries received in the accident by Mrs. Mrozinski were temporary and had healed, that the sole cause of her present physical condition was the subsequent childbirth, and that the damages were excessive and were the result of bias and prejudice on the part of the jury because the plaintiff attempted to prove that the servant of the defendant was returning from a party at which both white and colored persons were present. The motion for a new trial was overruled and the defendant excepted. The plaintiff filed a motion for ten percent damages on the ground that the cause had been taken up for the purposes of delay only.
The motion for a new trial contains the usual general grounds only, and the headnotes hereinbefore set out require but little elaboration. The plaintiff at the time of the accident was in a state of pregnancy, and she alleged and introduced evidence tending to show that her delicate condition was aggravated by the injuries which she sustained in the accident. She also introduced evidence tending to prove that she continues to have back and abdominal pains and continues to wear a brace to help remedy her physical weakness and to enable her to be up and out of bed. The medical testimony as to her *Page 62 
condition and its cause, which the jury were not required to believe, was conflicting. Whether this condition was the result of the accident and the aggravation to the plaintiff's delicate condition by the accident, or was the result of the childbirth alone, was a question for the jury. The evidence indicated that the party given by the defendant for its employees was not a mixed party of white and colored persons, but that there was a party for each race.
The plaintiff in error has earnestly argued its case, and this court, not being satisfied that the writ of error was prosecuted for the purpose of delay only, denies the prayer of the defendant in error for the assessment of damages. There was evidence to authorize the verdict; and, the presumption being that jurors are impartial and understand the case, we think it reasonable to presume in this case that the finding was based on the evidence, considered impartially in connection with the charge, rather than on bias and prejudice. The trial judge overruled the motion for a new trial, and this court has no discretion in the matter of granting a new trial on the general grounds only when no error of law appears.
Judgment affirmed. Gardner and Townsend, JJ., concur.