35736. STEPHENS *v.* TATUM.

DECIDED JUNE 17, 1955.

*Ben F. Smith,* for plaintiff in error.
*Wheeler, Robinson & Thurmond,* contra.

TOWNSEND, J. Assuming that certain of the demurrers are speaking demurrers, such as ground 3, which presumes that the deceased was traveling at the same speed as the defendant's agent, which is not alleged, there remain demurrers on the grounds that no cause of action is set out, that the deceased could, by the exercise of ordinary care, have avoided the injury to himself, and that, if the defendant was negligent, such negligence was apparent and obvious to the deceased, who could by the exercise of ordinary care for his own safety have avoided the same.

Under Code § 105-603, one who by ordinary care could have avoided the consequences to himself caused by another's negligence is not entitled to recover. The negligence alleged against the defendant is that he was driving in the center of the road and was driving too fast for the conditions existing, which were that the road was unpaved, dry, dusty, and had ruts in it. Apparently the "slight incline" created no hazard, since both the plaintiff's son and the defendant's agent were able to see 200 yards ahead of them. Accordingly, the negligence alleged was equally apparent to both persons, since the defendant's son could see, by looking, that the plaintiff's agent was driving in the center of the road and could also estimate his speed. Since Code (Ann. Supp.) § 68-1637 (a), regarding turning to the right within 100 feet of an approaching vehicle, relates only to overtaking and passing vehicles—which is not here alleged to be the case—this allegation of negligence per se is disregarded. It must be presumed that the plaintiff's son was familiar with the road, in the absence of allegations to the contrary. *Central of Ga. Ry. Co.* v. *Adams,* 39 *Ga. App.* 577 (147 S. E. 802); *Bassett* v. *Callaway,* 72 *Ga. App.* 97, 100 (33 S. E. 2d 112). It does not appear whether or not, at 7:15 on the first day of September, it was dark enough to necessitate lights, and why, if so, the plaintiff's son could not have seen the lights of the approaching automobile. In any event, as the cars met the defendant's agent swerved sharply to the right and into an area where dry dust was thick, thus stirring up a great cloud of dust. Presumably, had the defendant's agent been driving continuously on the right side of the road he would have passed through this same area and stirred up this same dust, although perhaps to a lesser degree. In any event, the auto-

mobiles passed each other without colliding, thus giving the plaintiff's son a full view, both of the oncoming automobile and of the dust, at a time when he was 200 yards away. There is no allegation as to the speed at which the plaintiff's son was driving, nor as to facts which would have kept him from seeing the cars passing each other, unless it be assumed that the dust was so thick at the moment of passing that they were invisible, which seems unlikely, it being alleged that the defendant suddenly swerved and narrowly missed the oncoming car, which was the act that caused the cloud of dust to rise. The plaintiff fails to allege that her son was on the right side of the road or that the oncoming car was on its left side of the road, yet, the road being wide enough for two vehicles to pass, one or the other of these facts must have existed. Accordingly, construing the petition against the plaintiff, it will be presumed that her son's car was not completely on its right side of the road.

In any event, if the dust cloud rose immediately so as to prevent the plaintiff's son from seeing the oncoming car, then it arose while he was 200 yards away; yet there is no allegation that the plaintiff's son, thus suddenly blinded, stopped, pulled over to the right, or even slowed down. It was held in *Reid* v. *Southern Ry. Co.*, 52 *Ga. App.* 508 (183 S. E. 849), that one who, from a distance of 200 yards away, saw a cloud of smoke obscuring his path, but nevertheless blindly drove on into it, took the chance of there being a hidden obstruction or danger within, and thus knowingly took a risk of danger which, to a man of common prudence, would have been plain and obvious. See also *Rome Ry. &c. Co.* v. *Barna*, 16 *Ga. App.* 1 (84 S. E. 209). In *Taylor* v. *Morgan*, 54 *Ga. App.* 426, 432 (188 S. E. 44), the following is quoted from *Americus, Preston &c. R. Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105): "It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to himself of that negligence."

On the other hand, should the allegations of the petition be so construed in the plaintiff's favor as to merit an assumption that the deceased did stop, slow down, pull to the right, or do any

of those things which prudence would dictate in a situation where one is completely blinded by a cloud of dust, it would then appear that the collision was the result of negligence of the driver of the oncoming automobile in driving into the "dust bowl" with unabated speed on the wrong side of the road, and would be such an intervening negligent act on her part as to constitute the sole proximate cause of the injury, and the negligence of the defendant's agent, although existing, would be too remote to be actionable, it not being alleged that the defendant's driver should have anticipated negligence on the part of the oncoming car in so driving under circumstances where she could not see where she was going. See *Peggy Ann of Georgia* v. *Scoggins*, 86 *Ga. App.* 109, 114 (71 S. E. 2d 89) ; *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435 (1, 3) (20 S. E. 2d 776).

The petition failed to set out a cause of action, and the trial court did not err in sustaining the general demurrers and dismissing it.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*