35751.   DODSON *v.* COBB.

Decided September 7, 1955—Rehearing denied September 26, 1955.

*Murphy & Murphy*, for plaintiff in error.

*Carter, Latimer & Savell, Edward Savell, D. B. Howe*, contra.

Nichols, J.   The special ground of the motion for new trial complains that the trial court erred in directing a verdict for the plaintiff for the amount of her hospital bill only.   The defendant argues that this ground is incomplete, in that it requires a reference by this court to the brief of evidence in order to determine whether this ground is meritorious, and therefore the ground is incomplete and should not be considered by this court.   "The rule that a ground of a motion for new trial must be complete and understandable within itself is a rule of reason designed to save the appellate courts the undue burden of searching the record in order to understand the assignment and to determine whether such assignment of error requires the grant of a new trial.   Where a motion for new trial is made and a brief of evidence duly filed, approved, and made a part thereof, and in an amended ground of the motion error is specially assigned on the direction of the verdict and it thus becomes necessary to read the *entire* brief of evidence to determine the question thus properly presented, it is apparent that the failure to incorporate in the amended ground

the entire brief of evidence would work no additional burden on this court. Such an assignment does not require a *search* of the record but merely the reading of an entire portion thereof, to wit: the brief of evidence. The present case therefore presents an exception to the general rule. A contrary ruling would be plainly violative of Code § 6-1307, and would needlessly encumber the record." *Webb* v. *Stephens*, 57 *Ga. App.* 395, 396 (195 S. E. 577).

On the trial of the case, the plaintiff testified that the collision took place on her side of the road and that it was a head-on collision. This fact was affirmed by every person testifiying on the trial. The plaintiff further testified that her arm was cut and she was bruised, that she went to the clinic hospital and spent the night, and that she missed the next day at work. "The law infers bodily pain and suffering from personal injury, and loss of time from the disabling effect thereof." *County of Bibb* v. *Ham*, 110 *Ga.* 340, 341 (35 S. E. 656); *Coleman* v. *Dublin Coca-Cola Bottling Co.*, 47 *Ga. App.* 369 (170 S. E. 549). There was also evidence that the plaintiff was deprived of the use of her automobile for a period of five or six weeks, and also as to the value of the automobile immediately prior to the collision and immediately thereafter. In view of the above testimony by the plaintiff as to the injuries which she sustained, both to her property and to her person, the trial court erred in directing a verdict "for the hospital bill" only. Accordingly, the judgment of the trial court denying the motion for new trial must be

*Reversed. Felton, C. J., and Quillian, J., concur.*