36260. PITTS *v.* FARLOW.

DECIDED SEPTEMBER 5, 1956.

Moise, Post & Gardner, R. Emerson Gardner, Hugh E. Wright, for plaintiff in error.

A. Mims Wilkinson, Jr., Bruce B. Edwards, contra.

NICHOLS, J. It is well settled law in Georgia that the negligence of a driver of an automobile can not be imputed to a passenger who has no control over the movements of the driver in operating the automobile. It is just as well settled that where the injuries of the passenger are caused solely by the negligence of the driver of the automobile in which he is riding, the passenger cannot recover from a third party, and that, "Questions as to diligence and negligence, including contributory negligence and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer except in palpably clear,

plain, and indisputable cases." *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (3) (179 S. E. 415).

The defendant Pitts cites in his brief, for authority that the judgment of the trial court should be reversed, cases such as *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643), where the driver of the automobile in which the plaintiff was riding knowingly drove onto a railroad crossing and crashed into the side of a parked train while blinded by arc lights from the railroad, *State Highway Department* v. *Stephens,* 46 *Ga. App.* 359 (2) (167 S. E. 788), where the driver saw the parked truck but when he realized that it was not moving it was too late to stop without a collision, *Reid* v. *Southern Ry. Co.,* 52 *Ga. App.* 508 (183 S. E. 849), where a collision took place in a cloud of smoke and it was alleged that the driver could have seen such smoke when he was 200 yards from it, and *Stephens* v. *Tatum,* 92 *Ga. App.* 256 (88 S. E. 2d 456), where the collision took place in a dust cloud and it was alleged that the driver saw such dust cloud when he was 200 yards away from it. These cases do not fit the facts as alleged in the present petition before this court. The facts, as alleged, do not make it palpably clear that the negligence of the driver of the automobile in which the plaintiff was riding was the sole proximate cause of the collision and it must be held that the trial court did not err in overruling the general demurrer interposed by the defendant Pitts, since it is for a jury to determine what was the proximate cause of the plaintiff's alleged injuries. See *Adams* v. *Jackson,* 45 *Ga. App.* 860 (1) (166 S. E. 258); *Callahan* v. *Cofield,* 61 *Ga. App.* 780 (7 S. E. 2d 592); *Brady* v. *Fruehauf Trailer Co.,* 63 *Ga. App.* 50 (10 S. E. 2d 133); *Tallman* v. *Green,* 74 *Ga. App.* 731 (41 S. E. 2d 339); and *Atlantic Coast Line R. Co.* v. *Coxwell,* 93 *Ga. App.* 159 (91 S. E. 2d 135).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*