37866. REDD *et al. v.* PETERS.

DECIDED SEPTEMBER 17, 1959—REHEARING DENIED OCTOBER 5, 1959.

318

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* for plaintiffs in error.

*Franklin H. Pierce, W. D. Lanier,* contra.

TOWNSEND, Judge. ■ Special grounds 4, 7, 10 and 11 will be considered together as all relate to the instructions given by the court to the jury on the measure of damages. Special ground 4 complains of the following: "There is no measuring rod for pain and suffering and it is an element of damage, but that is a matter for the enlightened conscience of the jury to determine. You are restricted in your finding, that is to say, if you think the evidence would warrant, or whatever the evidence would warrant in favor of the plaintiff, you would bring in a verdict the form of which would be, 'We, the jury, find in favor of the plaintiff in the sum of so much,' not to exceed the amount he prays for." Special ground 7 complains of the following: "If you are convinced that the plaintiff had made out his case as laid, but that his damages were not in the amount of $50,000, then you would bring in a verdict for the plaintiff in such sum as you find the actual damages to be and that your enlightened conscience determines as to the pain and suffering he has endured and will probably endure, in which event the form of your verdict would be, 'We the jury find in favor of the plaintiff in the sum of so much.'" This constitutes the entire charge of the court on the subject of the measure of damages. Special ground

10 complains that the court erred in charging the measure of damages for a permanent injury without charging the measure of damages for a temporary injury, there being evidence from which the jury could find either way, and special ground 11 contends that he failed to instruct the jury in any way as to the separate elements of injury and damage allegedly suffered by the plaintiff and left them without any guide as to how to arrive at the measure of damages for the various elements involved in the case. The charge as given is excepted to for the reasons that it allowed the jury to bring in a verdict for whatever sum they wished, that it amounted to an expression of opinion that the plaintiff was entitled to something for pain and suffering and also that such pain and suffering will extend into the future, and that it informed them that they were authorized to find some amount for pain and suffering, past and future.

■ So far as the expression of an opinion is concerned, the evidence demanded a finding that the plaintiff suffered pain at the time of and immediately after the collision which resulted from injuries incurred therein. The plaintiff's evidence amply warranted a finding that such pain and suffering were continuous to the time of trial and that the complaints which he had resulted from the injuries received. The defendant introduced no evidence relating to the plaintiff's injuries. It follows that, although the juxtaposition of some of the sentences in the charge may have been unfortunate, in that they were, if taken together, subject to an inference that the jury, if it believed the defendants liable, should return some amount for pain and suffering, such an inference would not constitute reversible error where the uncontroverted evidence demanded the same conclusion.

■ The instruction that if the plaintiff had proved his case as laid (such case being in part founded on permanent pain and suffering) the jury would bring in such sum as their enlightened conscience determines "as to the pain and suffering he had endured and will probably endure" is not an expression of opinion that the plaintiff's injuries are permanent. See *Mayor &c. of Savannah* v. *DuFour*, 13 *Ga. App.* 61 (78 S. E. 779); *Western & Atlantic R.* v. *Dobbs*, 36 *Ga. App.* 516 (4) (137 S. E. 407).

■ It is further contended that the court's charge on the measure of damages was error for the reason that he failed to give any ascertainable rule for fixing the amount of damages. Such failure is of course error. *Mayor &c. of Americus* v. *Brightwell,* 90 *Ga. App.* 341 (3) (82 S. E. 2d 732). In the present case the damages consisted of three elements: (a) pain and suffering, (b) medical and hospital bills and lost time, and (c) damages to the automobile. As to (a), the court gave the correct measure of damages, stating that it was within the enlightened conscience of an impartial jury. He did not state anything in connection with the special damages, except that he charged the jury: "The plaintiff contends that he has had hurt to his automobile, small sums we will say comparatively, of from $100, and he has testified that $850 would cover medical and hospital expenses and lost time." No exception is taken to this. The court thereafter charged, "You will bring in a verdict for the plaintiff in such sum as you find the actual damages to be." The plaintiff's wife testified to the separate items of medical and hospital bills, the plaintiff testified as to his loss by reason of time lost from his business, and both testified that $850 would aggregate their total expenses. There is no charge instructing the jury that the measure of damages to the automobile is the difference in market value of the vehicle immediately before and immediately after the collision, but neither was there any evidence to this effect, the only evidence being that of a deputy sheriff who testified that in his opinion the plaintiff's truck was damaged approximately $100 worth. It thus appears that the charge was full and correct on the item of pain and suffering, which was the principal element of damages in the case, and that the rule in *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35 (6) (51 S. E. 13) should be applied: "The charge in respect to the measure of damages was somewhat general, but the evidence not disclosing elements of special damage of a kind to require more detailed instructions on the subject, and there being no request to charge, the judgment would not be reversed on this ground."

■ There was sufficient evidence to authorize a charge on future pain and suffering. See *Southern Cotton Oil Co.* v. *Skip-*

*per,* 125 *Ga.* 368 (11) (54 S. E. 110) and citations. The charge is not subject to the complaint that the court charged on the measure of damages in case the injury should be permanent but failed to give any instructions in the event the jury should find the injuries to be temporary. The court merely referred to pain "endured and to be endured" without considering its duration. The trial took place about nine months after the injury and the plaintiff testified that his headaches had been continuous to the time of trial; his doctor testified that within a year 99% of the cases were cured. The court properly left it to the jury to decide the extent of the plaintiff's pain and suffering, past and future, and he did not in connection with this part of the charge indicate any distinction between temporary and permanent future pain and suffering. Special grounds 4, 7, 10 and 11 show no reversible error.

■ Construing the charge as a whole, it is not reversible error here to charge that the jury should return a verdict in favor of the defendants if they found the defendants' contentions that they were in the exercise of ordinary care were true, on the ground that it cast upon the defendants the burden of proving their contentions by a preponderance of the evidence. The jury might find the defendants' contentions that they were not negligent to be true as well by finding that the plaintiff had failed to carry its burden to prove such negligence as by finding that the defendants had offered direct proof to such effect. The vice of the charge complained of in *Atlantic Coast Line R. Co.* v. *Thomas,* 83 *Ga. App.* 477 (64 S. E. 2d 301) ; *Reese* v. *Haggard,* 75 *Ga. App.* 654 (44 S. E. 2d 290), and like cases, was that it cast upon the defendants the burden of proving to the jury's satisfaction that it was free from negligence. This ground is without merit.

■ Special ground 5 shows no error. One charged with negligence solely on the ground of respondeat superior will be held liable only if, and to the extent that, the agent who committed the tortious act is himself liable. *Roadway Express* v. *McBroom,* 61 *Ga. App.* 223 (6 S. E. 2d 460). Here the defendants in their answer admitted the driver Redd was acting within the scope of his employment.

■

■ Special grounds 8 and 9 complain of excerpts from the charge to the effect that a party may testify as to his own injury; that one familiar with the physical condition of the plaintiff, although a nonexpert, may testify to the effects of the injury from his own observation, and that continued physical pain without improvement over a period of time can indicate that injuries are permanent without supporting medical testimony. The language of these instructions is taken from the cases of *Great Atlantic & Pacific Tea Co.* v. *Dupee,* 71 *Ga. App.* 148 (30 S. E. 2d 365), *Johnson* v. *State,* 82 *Ga. App.* 840 (2) (62 S. E. 2d 837), and *City of Macon* v. *Yaughn,* 83 *Ga. App.* 610 (64 S. E. 2d 369). While it is true that language used by courts in deciding cases is often unfitted for use as instructions to juries, and while the excerpts complained of here are not so approved for use in all cases, they were nevertheless adjusted to the evidence in the present case, and did not constitute an expression of opinion on the part of the trial court. These special grounds show no reversible error.

■ The general grounds of the motion for new trial are abandoned.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*