39838. HOGAN v. MALCOM et al.

242

Decided January 22, 1963.

*Mark Dunahoo*, for plaintiff in error.
*William L. Preston*, contra.

Hall, Judge. 1. Special ground 7 complains that the trial judge charged the jury on comparative negligence when the evidence did not authorize a finding of negligence on the part of the plaintiff. The defendant makes the point that the charge complained of is not set forth in the plaintiff's assignment of error. "A special ground of a motion for a new trial is not complete within itself so as to present a question for adjudication where, to make it intelligible, it is necessary to refer to other parts of the record, including the charge of the court." *Bryant v. State*, 104 Ga. App. 496, 497 (121 SE2d 920).

2. There is no merit in special ground 8 which complains that the court failed to charge the jury on the measure of damages for diminution in the plaintiff's capacity to earn money. The court's charge included an instruction on this subject. See *Hunt v. Williams*, 104 Ga. App. 442, 450 (122 SE2d 149), respecting proof of such damages.

3. The contention made by the plaintiff to support the general grounds and special ground 6 is that the jury's verdict established that the defendant was liable but the verdict was inadequate because it was for less than the actual damages proved.

The case of *Tallent v. McKelvey*, 105 Ga. App. 660 (125 SE2d 65), cited by the plaintiff is different from this case. There the evidence "authorized the finding of the jury establishing the liability of the defendant, and the undisputed evidence showed actual [special] damages to the plaintiff resulting from the injuries sustained" of a greater amount than the jury's verdict; and the verdict was set aside as being inadequate under the undisputed evidence. In the present case, however, the record does not disclose any proof of the special damages alleged in the petition. There is evidence of pain and suffering by the plaintiff. As the court charged the jury, there is no mathematical rule by which damages for pain and suffering may be ascertained; the only rule recognized by law for determining such damages is the enlightened conscience of fair and impartial jurors. *Redd v. Peters*, 100 Ga. App. 316, 318 (111 SE2d 132). The jury was authorized to award the verdict in the present case as damages for the plaintiff's pain and suffering.

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*