## 47288.   TAYLOR v. ROBERSON.

STOLZ, Judge. In this companion case to *Taylor v. Roberson,* 127 Ga. App. 23, Mr. Taylor sued Mr. Roberson to recover medical expenses incurred, loss of earnings from his job, and loss of his wife's consortium, resulting from the collision, at which time the plaintiff was a passenger in the vehicle driven by his wife, Mrs. Taylor. The plaintiff obtained verdict and judgment in the amount of $400. The trial judge overruled his motion for new trial on the ground of the inadequacy of the verdict, from which judgment the plaintiff appeals. *Held:*

"Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the jury may calculate the amount of loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork." *Williams & Templeton v. Brewer,* 93 Ga. App. 603 (1) (92 SE2d 586). In this case the plaintiff introduced in evidence a number of duplicative and confusing medical

bills for the treatment of his wife, his stepson, and himself, with no evidence showing for which ones he was responsible. The expenses of the plaintiff's stepson totaled only $44. There was evidence that the plaintiff's personal medical expenses amounted to $187.50. With reference to lost wages, there was evidence that, although the plaintiff forfeited a paid vacation, nevertheless he was earning $10 a week more from the same employer than at the time of the collision. Concerning the plaintiff's wife's medical expenses, there was evidence that she had a pre-existing arthritic condition which, even if the collision had not occurred, might have caused her symptoms, which were evidenced only by subjective complaints based in part on emotional factors. There was evidence from which the jury, as the sole judges of the parties' credibility, could have found that both the plaintiff and his wife had virtually recovered prior to the time that some of the medical bills were incurred, so that the total of the bills incurred up to the time of such recovery, which were admitted in evidence (even assuming their reasonableness and the plaintiff's responsibility therefor), was no greater than the amount of the verdict.

"The question of damages being one for the jury, the court should not interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." *Code* § 105-2015. The verdict, being within the range of the evidence, will not be disturbed.

The trial judge did not err in his judgment overruling the plaintiff's motion for new trial.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Pannell, Deen, Quillian, and Clark, JJ., concur. Evans, J., dissents.*

Argued May 23, 1972—Decided September 5, 1972.

*Hinton R. Pierce, Franklin H. Pierce,* for appellant.
*Jay M. Sawilowsky,* for appellee.

EVANS, Judge, dissenting. Carl Taylor filed suit against Jimmy Roberson for injuries and damages sustained in an automobile collision. Plaintiff was injured while riding in an automobile owned and operated by his wife, which collided with a car operated by the defendant. He sued for loss of earnings, medical expense of himself and his wife, for his pain and suffering, and loss of consortium of his wife.

The jury returned a verdict for only $400, which plaintiff contends was inadequate, and showed such bias and prejudice as to warrant the grant of a new trial. While we do not know how the jury allocated the damages, a fair construction of the verdict would be:

1. For loss of earnings                                    $400
2. For hospital, doctors, and ambulance
   bills for plaintiff and his wife              *nothing*
3. For plaintiff's pain and suffering          *nothing*
4. For loss of services of plaintiff's wife  *nothing*

Does the verdict in the amount of only $400 show such bias and prejudice as to shock the conscience, and demand the grant of a new trial? As the jury determined that plaintiff was entitled to recover, he was entitled to the full amount of his proven damages without deduction because of the negligence of the driver of the automobile. The driver was the wife of plaintiff, but she owned the automobile, and her negligence, if any, was not imputable to plaintiff. See *Code* § 105-205; *Pitts v. Farlow,* 94 Ga. App. 314 (94 SE2d 391); *Sweet v. Awtry,* 70 Ga. App. 334 (28 SE2d 154). If the evidence had shown the negligence of plaintiff's wife was the *sole cause* of the collision, plaintiff would not have been entitled to a verdict for any amount. But the jury did not so find.

(1) As to the very first item of damages, the evidence proved without contradiction that plaintiff was earning $140 per week (or $20 per day) and that he lost 22 days from work, which amounts to $440 that he ought to have recovered. On this subject, the transcript, pp. 19, 20, shows:

". . . All right, now how much time did you lose from your job as a result of this accident? A. At one time following the accident I believe twenty-two or twenty-three days and then each time I had to go to the doctor following that I was docked for the time I was gone. Q. And you were making $140 a week at that time? A. At the time of the accident I was, yes, sir. Q. Now when you had to go to the doctor was your pay docked so to speak? A. Yes, sir." The above shows unequivocally that plaintiff's loss was not less than $440. Further, on cross examination it was shown that plaintiff suffered an additional loss by not getting a paid vacation, as well as having his pay docked each time he went to the doctor.

(2) As to the next item, the jury allowed *nothing* for the hospital and doctors' bills of husband and wife, although the undisputed evidence showed at least $1,340.50 of such bills. The direct testimony thereon was as follows: Plaintiff—testifying as to the total of the medical bills, Exhibits 1-27 (T. 22): ". . . and on myself, not including Dr. Bridges' latest bill, is $256.00; and on Mary, not including Dr. Carrington's bill when she was in the hospital, is $602.50."

Dr. Carrington testified that his total bill to date on Mrs. Taylor was "$482." (T. 49) Thus, the minimum shows: $256.00 for Mr. Taylor (not including Dr. Bridges' latest bill). $602.50 for Mrs. Taylor, not including Dr. Carrington's bill when she was in the hospital. $482.00 for Mrs. Taylor (Dr. Carrington's total bill to date). $1,340.50 Total.

(3) The jury allowed *nothing* for plaintiff's physical pain and suffering, although the evidence clearly showed his physical injuries, pain and suffering (T.—(plaintiff) p. 15): ". . . I was cut under the chin. There was blood all over me and when I tried to get out of the car I realized then that my legs and my hip and my back was kinda twisted up and messed up a little bit and all over the front part of my legs, the shin all up to my knees, was bruised and cut and my back was hurt and I didn't realize right at the time it was as bad as it was." And again (T. 18): "Q. Did they take

any stitches on the cut on your face? A. Yes, sir, I believe about ten or twelve. Q. Where was this cut? A. Under my chin. Q. All right, now, before this accident happened, Mr. Taylor, had you ever had any previous trouble with your back? No, sir." At page 17 he testified as to problems he was now having with his back as follows: "Well, I can't lift like I use to; like I did at the time of the wreck. In my job I have a lot of, you know, lifting to do and so far he's—my boss—has kept from giving me hard jobs 'cause he knows I can't do them; and I don't know how long he'll give me that."

Failure to award anything for the pain and suffering that necessarily attended such serious injuries shows gross bias and prejudice. The law infers bodily pain and suffering from personal injury and loss of time from the disabling effects thereof. *Dodson v. Cobb,* 92 Ga. App. 654, 655 (89 SE2d 552). As to the "emotional factors" present to which the majority refers in the wife's condition, that, too is a matter for which her husband was entitled to compensation in the loss of her services. *Whatley v. Henry,* 65 Ga. App. 668 (4, 5) (16 SE2d 214); *Saul Klenberg Co. v. Mrozinski,* 78 Ga. App. 59 (1) (50 SE2d 247); *United States Cas. Co. v. Smith,* 46 Ga. App. 330, 333 (167 SE 771). Every person is entitled to each and every faculty with which he has been endowed, and no one may wrongfully deprive him of same without being answerable in damages. *Langran v. Hodges,* 60 Ga. App. 567, 570 (4 SE2d 489). Plaintiff was not required to prove the value of his pain and suffering, as this is measured only by the enlightened consciences of impartial jurors. *Redd v. Peters,* 100 Ga. App. 316 (1) (111 SE2d 132).

(4) The jury allowed *nothing* for plaintiff's loss of services of his wife, although the evidence clearly showed she was injured, and her services were lost to the husband for at least two or three weeks, and she is still unable to perform her household duties. We examine the following of the plaintiff's testimony in regard to his wife's condition at page 19 of the transcript: "Well, sir, she couldn't work for—

I believe it was a couple of weeks, couldn't work at her job. Then when she did go back why she worked two or three weeks or something and then had to lay off a while and then she went back the third time and just worked a part of the day, she didn't work a full day, and the boys and myself did all the work around the house 'cause she couldn't hold out to do it. Q. Well now these household duties—how long was she disabled from doing her normal household duties? A. I do most of it now, 'cause she can't stay with it. Q. She still has some problems? A. Yes, sir. Q. Well back then you and your sons were doing what percentage of the work would you say that you were doing of the housework? A. About all—probably ninety per cent." On cross examination as to the amount of housework he does we find the following at T. p. 25: "Q. Now what housework do you do now? A. Well a lot of it we just—I do most of the work that there's any strain to or anything that's ... Q. What would that be? A. I tell you what—she does part of the cooking and I do part of the cooking. The boys does most of the cleaning up inside the house—what I don't do—and she does some of it and they do some of it." The plaintiff was not required to prove that his wife's services were valuable, or even that she rendered services, in order to recover therefor.

In *Metropolitan Street R. Co. v. Johnson*, 91 Ga. 466, 471 (18 SE 816), it was held: "When the loss of a wife's services, resulting from a personal injury to her, is to be compensated for, she is not to be treated as an ordinary servant or as a mere hireling. Cooley on Torts, § 226; Pennsylvania R. Co. v. Goodman, 62 Penn. St. 329. She sustains to her husband and his household a relation special and peculiar. Her place cannot be supplied; no other is capable of filling it. Some wives perform manual labor—others do not; yet the husbands of the latter no less than those of the former would certainly be entitled to compensation from wrongdoers for causing inability to perform service. The actual facts and circumstances of each case should guide the jury in estimating for themselves, in the light of their own

observation and experience and to the satisfaction of their own consciences, the amount which would fairly and justly compensate the plaintiff for his loss. Certainly some elements of loss, such as manual labor, would be subject to estimation by witnesses; and, if evidence of this kind were produced, of course the jury should consider it together with the other facts. But what we hold distinctly is, that there need be no direct or express evidence of the value of the wife's services, either by the day, week, month, or any other period of time, or of any aggregate sum."

The majority opinion finds fault with the doctors' bills because certain duplicate bills were introduced. What difference does that make? The jury should have had no trouble in disregarding the duplicates, if any. The majority suggests the bills were confusing. Not so. An examination of bills of husband and wife for hospital, doctors and ambulance show a minimum of $1,340.50.

The majority suggests that the plaintiff now earns $10 per week more than before his injuries. Can they possibly imply that his physical condition is better now than before, and that he was helped by receiving the serious cuts, etc., that resulted from the wreck?

The majority opinion suggests that the wife had a pre-existing arthritic condition. That but adds insult to injury. Our courts hold it is worse to injure a sick or diseased person than one who is well. See *Bray v. Latham,* 81 Ga. 640, 644 (8 SE 64). It surely cannot be contended that the wreck helped her arthritis. An aggravation of an existing injury is just as actionable as the infliction of a new injury. See *Whatley v. Henry,* 65 Ga. App. 668 (4, 5), supra.

The majority opinion states that the wife's condition was proven "only by suggestive complaints based in part on emotional factors." In other words, it is contended that a doctor did not testify as to all of her injuries, but that she alone did so. The law has long recognized that a doctor, testifying as an expert, may have his testimony disregarded entirely, without rhyme or reason. See *Ocean Acc. &c. Co. v. Lane,* 64 Ga. App. 149 (1) (12 SE2d 413). But a party

knows more about his injury than "a whole college of physicians." *Southern R. Co. v. Tankersley,* 3 Ga. App. 548 (1) (60 SE 297).

As to the wife's "emotional factors," that too, is matter for which her husband was entitled to recover compensation in the loss of her services. *Whatley v. Henry,* 65 Ga. App. 668 (4, 5), supra; *Saul Klenberg Co. v. Mrozinski,* 78 Ga. App. 59, 61, supra; and *United States Cas. Co. v. Smith,* 46 Ga. App. 330, 333, supra.

Plaintiff, as husband, was liable, not only for his own physicians' bills, hospital and ambulance bills, but for those of his wife, also. *Code* § 53-510; *Morris v. Shaw,* 44 Ga. App. 222 (1, 2, 3) (160 SE 820); *Scott v. Simpson,* 46 Ga. App. 479 (4) (167 SE 920); *Complete Auto Transit, Inc. v. Floyd,* 214 Ga. 232, 239 (104 SE2d 208).

Of course, a wife may become responsible for her own physicians' bills, etc., by an express arrangement at the time they are incurred. *Bell v. Proctor,* 92 Ga. App. 759, 765 (90 SE2d 84); *Herring v. Holden,* 88 Ga. App. 212 (76 SE2d 515). But the law will not presume such an arrangement relieving the husband of responsibility therefor, nor was there any evidence in this case to suggest such an arrangement.

Therefore, I respectfully submit that the small amount of damages awarded showed such bias and prejudice as to shock the conscience, and demand the grant of a new trial. See *Code* § 105-2015; *McLendon v. Floyd,* 59 Ga. App. 506 (1 SE2d 466). I, therefore, dissent and would reverse the trial court in failing to grant plaintiff's motion for new trial.