## 47287.  TAYLOR v. ROBERSON.

STOLZ, Judge. Mrs. Taylor sued Mr. Roberson to recover medical expenses and loss of earnings from her job as a result of a collision at an intersection between the vehicles driven by the parties. The appeal is from the overruling of the plaintiff's motion for a new trial on the general grounds after verdict and judgment for the defendant.

There was evidence at the trial to the following effects: That there was a yellow caution light at the intersection facing the plaintiff, requiring her to slow down and proceed through the intersection cautiously, that the speed limit on the plaintiff's road was 35 m.p.h.; that the plaintiff was going about 65 or 70 m.p.h. prior to the collision, her vehicle traveling 44 feet from the point of impact; that at the collision scene the plaintiff told the investigating officer that she didn't see any other vehicle until it pulled out in front of her; that there was thick shrubbery on the southeastern corner of the intersection and this is a blind corner to traffic going in the direction in which the defendant was going; that there have been wrecks at this intersection before; that the defendant stopped at the stop sign and red light and looked both ways before proceeding slowly out into the intersection; that he saw nothing before he pulled out; that at the time of this collision, the defendant had to stop farther back from the intersection than is necessary at the present, some of the shrubbery having been trimmed back; that the defendant could see down the road in the plaintiff's direction for only 2½ or 3 blocks; that there is a little dip in the road in the direction from which the plaintiff was coming; that after the defendant pulled out into the intersection, his passenger shouted a warning just before the collision, but it was too late. *Held:*

Although the evidence as to negligence and contributory negligence was conflicting, with some evidence on both sides, the verdict will not be disturbed, since it was sup-

ported by some evidence, which is "construed in its light most favorable to the prevailing party," and since the preponderance of the evidence is not "so great against the verdict as to be suggestive of improper bias or gross misapprehension and to an extent which shocks the understanding and moral sense." *Brown v. Nutter,* 125 Ga. App. 449 (1, 2) (188 SE2d 133) and cit.

The trial judge did not err in his judgment overruling the plaintiff's motion for new trial.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*

ARGUED MAY 23, 1972—DECIDED SEPTEMBER 5, 1972.

*Hinton R. Pierce, Franklin H. Pierce,* for appellant.
*Jay M. Sawilowsky,* for appellee.